WILLIAM FALLON, Jr., by his Guardian, etc., Respondent, *v.* THE CENTRAL PARK, NORTH AND EAST RIVER RAILROAD COMPANY, Appellant.

Plaintiff, a child five years old, resided with his mother on the first floor of a tenement-house communicating directly by a flight of stairs with the street. Plaintiff had been playing in the back yard, and came in for a drink of milk, which the mother gave to him, and he sat down at a table to drink it. She went into a bed-room adjoining, leaving the door open and telling him to go back into the yard. The door leading to the street was open. He went out on to the street, and in five minutes from the time his mother left him was run over and injured by one of defendant's cars, through the negligence of the driver. The mother testified that she had never known him to go out into the street alone before. In an action to recover damages for the injury, *held*, that the evidence did not establish contributory negligence on the part of the mother, as matter of law; but that it was a question of fact, and properly submitted to the jury.

(Argued December 21, 1875; decided January 18, 1876.)

APPEAL from judgment of the General Term of the Court of Common Pleas of the city and county of New York, affirming a judgment in favor of plaintiff entered upon a verdict, and affirming an order denying a motion for a new trial.

This action was brought to recover damages for injuries alleged to have been caused by the negligence of defendant. The plaintiff, a child a little over five years of age, resided with his parents in a tenement-house on First avenue in the city of New York. They occupied rooms on the first floor above the street, and nearly on a level with the back yard, with which they communicated. A flight of stairs led to the street. Plaintiff came in from the back yard and asked his mother for a drink of milk. This she gave to him, and he sat down at the table to drink it. His mother went into an adjoining bed-room to change her dress, telling him to go back to the yard. The bed-room door was left open. Instead of returning to the back yard, plaintiff went down the stairs and out of the door, which was open, into the street, where he was knocked down by the horses attached to one of defendant's cars and run over, the evidence tending to show that the accident was occasioned by the negligence of defendant's driver. In five minutes from the time the mother left plaintiff, word came to her that he was injured. The mother testified that she had never known plaintiff to go out into the street alone before.

Defendant's counsel moved for a dismissal of the complaint on the trial upon the ground, among others, that the evidence showed that the parents of the plaintiff were guilty of negligence contributing to the injury, and that the plaintiff was also guilty of contributory negligence. The motion was denied, and defendant's counsel duly excepted. Defendant's counsel requested the court to charge that plaintiff could not recover if he was guilty of any negligence contributing to the injury. The court so charged, with the qualification, provided " the jury believed plaintiff was *sui juris.*" To the qualification defendant's counsel duly excepted. Defendant's counsel also

asked the court to charge that plaintiff was bound to exercise the degree of care which a person of ordinary prudence would exercise in like circumstances. The court refused so to charge, but charged as requested, adding the words, "of his age" after the word "person." To this defendant's counsel duly excepted. Defendant's counsel also requested the court to charge, that if the jury should find that the plaintiff was not *sui juris*, or not of that age and intelligence that it was safe to trust him in the street unattended, then it was negligence on the part of the mother to allow plaintiff in the street, as she did, and the verdict must be for the defendant. The court refused so to charge, and in respect to said request charged : "I leave it to you to say whether, under all the circumstances, it was negligence on the part of the plaintiff's parents to do as they did ; and if you come to the conclusion it was, then your verdict should be for the defendants." To the refusal and the charge counsel duly excepted.

*A. J. Vanderpoel* for the appellant. The evidence established contributory negligence on the part of the plaintiff and his mother. ( *Willetts* v. *Buff. and Roch. R. R. Co.*, 22 Barb., 585 ; *Honingsberger* v. *Second Ave. R. R. Co.*, 1 Keyes, 570, 573 ; *Flynn* v. *Hatton*, 43 How., 333 ; 4 Daly, 552 ; *Hatfield* v. *Roper*, 21 Wend., 615 ; *Waite* v. *N. E. R. Co.*, E., B. & B., 719 ; 96 E. C. L. R. ; *Mangam* v. *Bklyn. City R. R. Co.*, 38 N. Y., 455 ; *Wright* v. *M. and M. R. R. Co.*, 4 Al., 283 ; *Chicago* v. *Starr*, 42 Ill., 174.) If plaintiff was *sui juris* he was guilty of negligence. (*Solomon* v. *C. R. R. R. Co.*, 1 Swe., 298 ; *Ernst* v. *H. R. R. R. Co.*, 24 How., 97 ; *Nicholson* v. *E. R. R. Co.*, 41 N. Y., 542 ; *Baxter* v. *T. and B. R. R. Co.*, 41 id., 502 ; *Griffin* v. *N. Y. C. R. R. Co.*, 40 id., 34 ; *Wilcox* v. *Rome, etc., R. R. Co.*, 39 id., 358 ; *Wilds* v. *H. R. R. R. Co.*, 29 id., 315 ; *Harty* v. *Cent. Co. of N. J.*, 42 id., 472 ; Campb. on Neg., 69 ; *Johnson* v. *H. R. R. R. Co.*, 20 N. Y., 73 ; 1 Keyes, 574 ; *Abbott* v. *Macfie*, 33 L. J. [Ex.], 117 ; *Mangam* v. *Allerton*, L. R., 1 Ex., 239 ; 12 Am. L. Reg., 757 ; *Lygo* v. *Newbold*, 9 Exch., 302.)

*Edward D. McCarthy* for the respondent. Plaintiff was *non sui juris*, and therefore incapable of negligence. (*Ihl* v. *Forty-second Street R. R. Co.*, 47 N. Y., 317; *Mangam* v. *Bklyn. City R. R. Co.*, 38 id., 455; *Honegsberger* v. *Second Ave. R. R. Co.*, 1 Daly, 89; *Prendergast* v. *N. Y. C. and H. R. R. R. Co.*, 58 N. Y., 652; *Robinson* v. *Cove*, 22 Vt., 213; *Birge* v. *Gardiner*, 19 Conn., 507.) Defendant was guilty of gross negligence. (*Johnson* v. *H. R. R. R. Co.*, 20 N. Y., 65.) Plaintiff's mother was not guilty of contributory negligence. (19 Conn., 507; 26 id., 598; 37 id., 199; 8 Minn., 160; 18 Ohio St., 399; 36 Mo., 490; 1 Head, 620; 22 Vt., 213; 7 Penn. St., 372; 31 id., 358; 47 id., 300; 57 id., 172, 187; 5 Exch., 240, 243; 4 id., 244; 6 M. & W., 499; 4 C. & P., 262; 4 Bing., 644; 98 Exch., 302; 1 F. & F., 359; 38 N. Y., 260; 22 Vt., 225; 19 Conn., 506; *Lynch* v. *Nurdin*, 1 Ad. & E. [N. S.], 29; *Oldfield* v. *N. Y. and H. R. R. R. Co.*, 14 N. Y., 310; *MacMahon* v. *Mayor, etc.*, 33 id., 642; *O'Mara* v. *H. R. R. R. Co.*, 38 id., 445.)

CHURCH, Ch. J. The point principally relied upon by the learned counsel for the defendant is, that as a question of law the plaintiff could not recover, on the ground of the negligence of his mother, in permitting him to be in the street unattended. If this position cannot be maintained, no fault can be found with the charge of the court. The court charged, that if the mother omitted to exercise such care, in respect to the child, as persons of ordinary prudence would exercise under the circumstances, or if the child omitted to exercise such care as might reasonably be expected from one of his age, the verdict should be for the defendant. The child was over five years of age, and it was submitted to the jury to say whether he was *sui juris*.

The inquiry, therefore, is whether there were any facts proved sufficient to enable the jury to relieve the plaintiff from the imputed negligence of his mother. It appears that the mother resided in a tenement-house, on the first floor, leading into the back yard, and also into the street, down

some stairs. The plaintiff had been playing in the back yard, with other children, and came in for a drink of milk. The mother gave him the milk, and he sat at the table to drink it, when the mother passed into the bed-room adjoining, to adjust her dress, leaving the door open, and telling the child to go back into the yard, and in five minutes notice was brought that the child was injured. The mother testified that the child had never before been in the street. Upon these facts, which we must assume for the purpose of this question the jury regarded as true, can it be affirmed that in law the mother was negligent. True, the child did pass into the street, but that fact is not conclusive. Effectual protection is not indispensable. Ordinary care relieves from the charge of negligence. Although a child five years old cannot be regarded as *sui juris*, yet such a child is not destitute of capacity. It possesses, in some degree, reason and judgment. It is capable of understanding what is said; it may be made subject to the will and direction of those having it in charge, and a mother may be assumed from natural love and affection vigilant in protecting it from harm.

It seems to me that the jury were justified in holding that the mother, under the circumstances detailed, had no reason to suspect that the child would go into the street, or that ordinary prudence would require any additional care to that which was actually exercised. The mother was absent from the actual presence of the child but a few brief moments. She had a right to presume that he would obey her direction, and go into the back yard, and this would be strengthened by the fact that he had never been in the street. True, the door might have been barricaded, but such an extraordinary measure would not be ordinarily necessary to keep the child from the street. It is not like the case supposed by counsel, of a dumb beast or lunatic. The child had reason, had always been tractable and quiet, and there is nothing to show that the mother had any reason to apprehend danger. From these facts the jury might find ordinary care. It is not improbable that the plaintiff was attracted by the children

in the street, and suddenly escaped down the stairs. In the case of *Mangam* v. *The Brooklyn R. R. Co.* (38 N. Y., 455), a window was left open through which the child escaped into the street, and it was held a question of fact for the jury to determine whether proper care was exercised. Here the circumstances are quite as appropriate for the consideration of a jury. I think that the charge of the judge at the Circuit upon the question of negligence of both child and mother was strictly accurate, and the rulings upon the requests to charge. were in conformity with the charge. As to the negligence of the defendant's driver, it is very clear that the evidence was sufficient to justify the finding of the jury. There was evidence tending to show that the child was struck by one of the horses in front; that the car was being driven at an unusual rate of speed, and that the driver was engaged in conversation with persons standing on the platform, and was not looking or giving any attention to his horses, or persons crossing the street. It is true there was a serious conflict upon these points, but they were questions for the jury, and the verdict is conclusive upon this court.

The case was fairly tried, and as I am unable to find any error of law committed upon the trial the judgment must be affirmed.

All concur.

Judgment affirmed.