LOUIS BAJUS, RESPONDENT, v. THE SYRACUSE, BINGHAMTON AND NEW YORK RAILROAD COMPANY, APPELLANT.

*Negligence — remote and proximate cause — when the jury should be allowed to say whether or not the negligent act of the defendant caused the accident.*

An employee of the defendant while endeavoring to couple two cars caught the toe of his right foot in a tie, and a moment afterwards the foot was caught by the brake-beam of the car behind and held so tight that he could not extricate it. He immediately signaled the engineer to stop the engine, and the engineer attempted to do so but did not succeed until after the wheel of the car had run over the plaintiff's knee and so injured his leg as to render its amputation necessary.

Upon the trial of an action, brought by him to recover damages for the injuries he had sustained, evidence was given tending to show that the engine was out of repair and did not yield to the efforts of the engineer to stop it as it would have done had it been in good condition, and that this fact was known to the defendant.

*Held,* that it was properly left to the jury to say whether the accident of catching his toe in the tie, or the defect in the engine, was the cause of the plaintiff's injuries, and that a verdict in his favor would not be disturbed.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury for $7,000, rendered at the Onondaga

County Circuit, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

*Louis Marshall*, for the appellant,

*Goodell & Nottingham*, for the respondent.

HARDIN, P. J.:

On the 5th of February, 1877, the plaintiff was engaged as a servant of defendant in an effort to uncouple cars, and while between two cars he was delayed by finding the pin, a square one in a round hole, unyielding to his efforts, and while making such efforts the toe of his right foot caught in a tie and in a moment after the right foot was caught under the brake-beam of the car behind him and it was held so tightly that he was unable to extricate it. Plaintiff immediately gave a signal of distress to the engineer to stop the engine and the engineer attempted at once to do so. Evidence was given from which the jury was warranted in finding that the engine was out of repair and did not yield to the efforts of the engineer to stop it, and that the motion continued until the plaintiff's foot was caught in a frog by the wheel of the car which ran upon his right knee and crushed his leg. His leg was taken off just about four inches below the hip joint, and for that injury he was awarded a verdict of $7,000. Shall it stand?

We think the evidence required the submission of the question, of whether the plaintiff was guilty of contributory negligence or not, to the jury. (*Fallon* v. *Central Park, etc., R. R. Co.*, 64 N. Y., 13; *Hawley* v. *Northern C. R. R.*, 17 Hun, 115; S. C., 82 N. Y., 370; *Smedis* v. *The Brooklyn and Rockaway Beach R. R. Co.*, 88 id., 13.)

Whether the engine was defective or not was disputed at the trial and much evidence taken upon the question, and we think it ample to sustain a finding that the engine was in such an imperfect condition that the steam could not be controlled by the engineer and the engine made to work like a perfect one, or like one in a suitable state of repair, for the use of employees of the company. The evidence warranted also a finding that the defendant well knew of the defects.

The evidence fully justified the jury in finding that the defendant knew that the engine was defective and that the plaintiff's superior, some two or three weeks before the injury, had promised to furnish another engine to do the work at the yard where plaintiff was stationed. Plaintiff may have relied upon that promise when continuing in the use of the defective one. At all events, the jury had a right to take this promise into consideration when considering what effect should be given to any knowledge which they should find the plaintiff had of the defects of the engine at the time of the injury.

We come now to consider the question as to what was the direct or proximate cause of plaintiff's injury. Was it the defective engine or was it the catching of his foot by the brake shoe? We might dispose of this question by saying that the Circuit Court properly left that question to the jury as one of fact, and that the finding ought to be accepted, as evidence was given from which such a finding could properly be made. (*Pittsburgh, C. and St. L. R. Co.*, v. *Staley*, 30 Alb. Law Jour., 110.) When this case was before us upon a former appeal (16 N. Y. Week. Dig., 109) we held, in an opinion delivered by BARKER, J., that no negligence was attributable to the defendant from the fact that the plaintiff caught his foot, and the trial judge followed that view of the case in the course of the trial now here for review. It was left to the jury to say whether the plaintiff's injury came by reason of the defect, or whether the "particular respect in which it was out of repair caused the accident in question;" to say, in short, whether but for these defects the plaintiff would have escaped from the dilemma in which he was placed, uninjured. We think the submission was proper and the finding proper. The dilemma in which the plaintiff was placed came about while he was in the line of his duty. He was doing his master's work and the exigency arose, one in which he was greatly involved, and when it was to him of vast importance that the defendant should have suitable machinery and appliances in the hands of defendant's servants. The failure of the defendant in that regard, the jury say, as we think justly, was the cause of plaintiff's great loss.

*Lowery* v. *Western Union Telegraph Company* (60 N. Y., 198) is cited by appellant in support of the theory that the defects of the

engine were not direct or proximate causes of the injuries complained of. We think it does not aid the argument. That was a case where a mistaken telegram caused $5,000 instead of $500 to be delivered by plaintiff, and the court say that the embezzlement of the money was not the natural and proximate result of the mistake. Nor does *Crain* v. *Petrie* (6 Hill, 522), aid the appellant. That was an action on the case for deceit in the sale of sheep to be sold in a market of meat, and the court laid down a rule as to special damages saying they must appear to be " the legal and natural consequences arising from the tort, and not from the wrongful act of a third party remotely induced thereby." The negligence here was in not having suitable machinery, and because of the defect came the injury. We think the case before us falls within the principle asserted in *Cone* v. *Delaware, Lackawanna and Western Railroad* (81 N. Y., 206). The case before us is unlike *De Forest* v. *Jewitt* (88 N. Y., 264), as there the defects in the yard were well known to the injured party, and he voluntarily undertook to couple cars when the danger " must have been apparent and obvious to him." While in the case in hand the defendant had induced the plaintiff to continue in the use of the engine by the assurance that it should shortly be replaced with another one more suitable for the service.

In the course of the trial the court allowed evidence of the condition of the engine before and about the time of the injury, with a view of enabling the jury to say whether it was out of repair and unsuitable at the time of the injury. Such evidence was pertinent and competent. It was not error to exclude evidence of the subsequent condition of the engine for years after; even that offered to show the condition in 1883, some six years after the accident. We have looked at the other rulings made and to the charge as given and the refusals, and do not find any exception which presents an error. We therefore accept the verdict and affirm the judgment.

FOLLETT and MERWIN, JJ., concurred.

Judgment and order affirmed.