CHARLES STONE, as Administrator, etc., Appellant, *v.* THE DRY DOCK, EAST BROADWAY AND BATTERY RAILROAD COMPANY, Respondent.

A child just passed seven years of age may not, as matter of law, be held to be *sui juris*, so as to be chargeable with negligence.

In administering civil remedies the law does not fix any arbitrary period when an infant becomes *sui juris*. When the inquiry is material it becomes a question of fact for the jury, unless the child is of so very tender years that the court can safely decide.

*It seems*, in an action based upon negligence for an injury to an infant, who may or may not have been *sui juris* when it occurred, and the fact is material upon the question of contributory negligence, the burden is upon the plaintiff to give some evidence showing that the party injured was not, as matter of fact, capable of exercising judgment and discretion.

The measure of care required, however, in such a case is simply such as might reasonably be expected, under the circumstances, of a child of that age.

In an action, therefore, to recover damages for alleged negligence causing the death of plaintiff's intestate, where the only facts appearing as to the capacity of the deceased was that she was a girl seven years and three or four months old, *held*, that this did not justify an inference that she was incapable of exercising any degree of care.

The evidence established the following facts: The deceased attempted to cross the street in front of her father's store to join a companion on the other side. The track of defendant's road was about twelve feet from the sidewalk. As she stepped from it on to the street an approaching car was fifty feet or more distant. At about that time the speed of the car was increased; its driver was looking back into the car. The child was struck by the car and killed. *Held*; that a nonsuit was improperly granted; that the question of contributory negligence should have been submitted to the jury.

*Wendell* v. *N. Y. C. & H. R. R. R. Co.* (91 N. Y. 420) distinguished.

Reversed, 46 Hun, 184.

(Argued May 3, 1889; decided June 4, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made October 26, 1887, which affirmed a judgment in favor of defendant, entered upon an order nonsuiting plaintiff on trial.

This was an action to recover damages for the alleged negligence in causing the death of plaintiff's intestate, a child of seven years and three or four months old.

The facts, so far as material, are stated in the opinion.

*Adolph L. Sanger* for appellant. In an action brought by an infant, or by her representatives, to recover damages because of defendant's negligence, a recovery can only be defeated by the contributory negligence, if any, of the infant, if she is *sui juris*; or if she is not *sui juris*, if the injury occurred through the contributory negligence of her parents. (*McGarry* v. *Loomis*, 63 N. Y. 104; *Cosgrove* v. *Ogden*, 49 id. 255; *Fisselmeyer* v. *Third Ave. R. R. Co.*, 2 N. Y. S. R. 75; *Fallon* v. *C. P. R. R. Co*, 64 N. Y. 13; *Birkett* v. *Knick. Ice Co.*, 110 id. 504; *Kunz* v. *City of Troy*, 104 id. 341, 344.) Applying the doctrine that of an infant of tender

years less discretion is required, and the degree of discretion depends upon its degree of knowledge, it cannot be arbitrarily assumed that the act of the deceased in attempting to cross the street was, *per se,* negligence. (*Thurber* v. *Harlem R. R. Co.,* 60 N. Y. 326; *Kunz* v. *City of Troy,* 104 id. 344.) In the absence of proof of contributory negligence of the parents, even if it be claimed that the deceased was negligent, the defendant would, notwithstanding, be liable, if the deceased was, at the time of the injury, *non sui juris,* and the question whether the deceased was or was not *sui juris* was a question of fact which should have been submitted to the jury for their determination. (*Managan* v. *B. R. R. Co.,* 38 N. Y. 455; *Thurber* v. *Harlem R. R. Co.,* 60 id. 326; *R. R. Co.* v. *Gladmon,* 15 Wall. 401; *Finkelstein* v. *N. Y. C. R. R. Co.,* 41 Hun, 40; *Costello* v. *S. R. Co.,* 65 Barb. 92, 99; *Moebus* v. *Herman,* 108 N. Y. 352; *Kunz* v. *City of Troy,* 104 id. 344; *Birkett* v. *Knick. Ice Co.,* 110 id. 507; *Byrne* v. *N. Y. C. & H. R. R. R. Co.,* 83 id. 620; *Hyland* v. *Yonkers Co.,* 1 id. 363; *Mentz* v. *S. A. R. R. Co.,* 3 Abb. Dec. 274; *Domian* v. *B. R. R. Co.,* 1 N. Y. Suppl. 334; *Murphy* v. *Orr,* 96 N. Y. 14.) Independently, however, of the question as to whether or not the deceased was *sui juris,* if the injury may, from the nature of the evidence, be classed as voluntary, as it well might have been, and the accident might have been avoided but for the negligence of the defendant, the previous contributory negligence of the deceased, if any might have been attributable to her, will not bar a recovery against the defendant. (*Murphy* v. *Orr,* 96 N. Y. 14; *R. R. Co.* v. *Gladmon,* 15 Wall. 401; *O'Mara* v. *H. R. R. R. Co.,* 38 N. Y. 449; *Greene* v. *Erie R. Co.,* 11 Hun, 333; *Thurber* v. *Harlem R. R. Co.,* 60 N. Y. 330; *Hyland* v. *Yonkers Co.,* 1 N. Y. Suppl. 363; *Connery* v. *Slavin,* Sup. Ct., Gen. Term, May, 1886, 23 Week. Dig. 545; *Mentz* v. *Second Ave. R. R. Co.,* 3 Abb. Dec. 274; *Kunz* v. *City of Troy,* 104 N. Y. 344; *Moebus* v. *Herman,* 108 id. 352; *Rompillon* v. *Abbott,* Daily Reg., Sept. 8, 1888; *Watson* v. *B. & S. A. R. R. Co.,* Daily Reg., Nov. 1, 1888; *Judd* v. *Cushing,* Daily Reg., Jan. 7,

1889.)    The plaintiff is entitled, upon this appeal, to the most favorable inference deducible from the evidence ; and, in reviewing the nonsuit, all contested questions of fact are to be deemed established in his favor. (*Stackus* v. *N. Y. C. R. R. Co.*, 79 N. Y. 466 ; *Payne* v. *T. & B. R. R. Co.*, 83 id. 574; *Kunz* v. *City of Troy*, 104 id. 344.)    The court erred, therefore, in taking the question of negligence and defendant's liability from the jury, and deciding, as matter of law, that the plaintiff was guilty of negligence and not entitled to recover. (*Ihl* v. *Forty-second St. R. R. Co.*, 47 N. Y. 323 ; *Mowrey* v. *Centl. City R. R. Co.*, 51 id. 666 ; *Fallon* v. *C. P. R. R. Co.*, 64 id. 13, 18 ; *Mangam* v. *B. R. R. Co.*, 38 id. 455 ; *Thurber* v. *H. R. R. Co.*, 60 id. 326, 332, 333 ; *Byrne* v. *N. Y. C. R. R. Co.*, 83 id. 622.)

*John M. Scribner* for respondent.    The learned justice who presided at the trial, in dismissing the plaintiff's complaint in this action, made the only proper disposition of this case consistent with the controlling authorities affecting the questions at issue. (*Tolman* v. *S., etc., R. R. Co.*, 98 N. Y. 198 ; *Button* v. *N. Y. C. R. R. Co.*, 18 id. 248 ; *Hale* v. *Smith*, 78 id. 480, 483 ; *Hart* v. *II. R. Bridge Co.*, 34 id. 56, 62 ; *Becht* v. *Corbin*, 92 id. 638 ; *Wendell* v. *N. Y. C. R. R. Co.*, 91 id. 420, 427 ; *Nolan* v. *N. Y., L. E. & W. R. R. Co.*, 22 N. Y. W. Dig. 61 ; *Cordell* v. *N. Y. C. R. R. Co.*, 75 N. Y. 332, 333 ; *Warner* v. *N. Y. C. R. R. Co.*, 44 id. 471 ; *Reynolds* v. *N. Y. C. R. R. Co.*, 58 id. 250 ; *Deyo* v. *N. Y. C. R. R. Co.*, 34 id. 9, 14 ; *Wilds* v. *H. R. R. R. Co.*, 24 id. 432 ; *Davenport* v. *Brooklyn City R. R. Co.*, 100 id. 632 ; *McGrath* v. *N. Y. C. R. R. Co.*, 59 id. 470, 471 ; *Harnett* v. *B. S. R. R. Co.*, 49 Sup. Ct. 185.)    The deceased child was seven years and three or four months old.    She was old enough to be held to the exercise of ordinary care in attempting to cross the street. (Penal Code, §§ 17, 18, 718, subd. 1 ; *Moebus* v. *Herman*, 108 N. Y. 353 ; *Wendell* v. *N. Y. C. R. R. Co.*, 91 id. 420 ; *Motel* v. *S. A. R. R. Co.*, 99 id. 632 ; *Flood* v. *B. N. Y. & P. R. R. Co.*, 23 N. Y.

W. Dig. 501; *Tolman* v. *S. R. R. Co.*, 98 id. 202; *Murphy* v. *Orr*, 96 N. Y. 14.) The contributory negligence of the child was very clear. (*Wendell* v. *N. Y. C. R. R. Co.*, 91 N. Y. 428; *Davenport* v. *B. C. R. R. Co.*, 100 id. 632; *Belton* v. *Baxter*, 54 id. 247; *Barker* v. *Savage*, 45 id. 191–194; *Gorton* v. *E. R. Co.*, Id. 664; *Ernst* v. *H. R. R. R. Co.*, 35 id. 9; 39 id. 61; *Havens* v. *E. R. Co.*, 41 id. 296; *Davis* v. *N. Y. C. R. R. Co.*, 58 id. 248; *Salter* v. *U., etc., R. R. Co.*, 75 id. 276; *Steves* v. *O. R. R. Co.*, 18 id. 423; *Stackus* v. *N. Y. C. R. R. Co.*, 7 Hun, 561; *Powell* v. *N. Y. C. R. R. Co.*, 23 N. Y. W. Dig. 107; *Wilcox* v. *R., etc., R. R. Co.*, 39 id. 358; *Griffen* v. *N. Y. R. R. Co.*, 40 id. 34; *Harty* v. *N. J. C. R. R. Co.*, 42 id. 473; *Sutherland* v. *N. Y. C. R. R. Co.*, 9 J. & S. 17, 29; *Weber* v. *N. Y. C. R. R. Co.*, 58 N. Y. 455; *Cordell* v. *N. Y. C. R. R. Co.*, id. 332; *Connelly* v. *N. Y. C. R. R. Co.*, 88 id. 346; 22 N. Y. Week. Dig. 61; 36 Hun, 643.) It was the undoubted duty · of the plaintiff's child, before attempting to cross defendant's railroad tracks, to stop, to look and to listen. The existence of the track was a warning of danger. (*Sutherland* v. *N. Y. C. R. R. Co.*, 9 J. & S. 17–29; *McGrath* v. *N. Y. C. R. R. Co.*, 59 N. Y. 470; *Mitchell* v. *N. Y. C. R. R. Co.*, 2 Hun, 538; *Young* v. *N. Y., L. E. & W. R. R. Co.*, 107 N. Y. 504, 505; *Davis* v. *N. Y. C. & H. R. R. R. Co.*, 47 id. 401; *Woodward* v. *N. Y., L. E. & W. R. R. Co.*, 106 id. 369; *Davenport* v. *B. C. R. R. Co.*, 100 id. 632.) Plaintiff's case was fatally defective on account of the total failure to prove that the child took any precaution whatever to avoid danger from approaching cars as she was bound to do. There is no presumption that the child was *non sui juris*. (*Moebus* v. *Hermann*, 108 N. Y. 353; *Thurber* v. *H. B., etc., R. R. Co.*, 60 id. 333; *Kunz* v. *City of Troy*, 104 id. 351.)

ANDREWS, J. The nonsuit was placed on the ground that an infant seven years of age was *sui juris*, and that the act of the child in crossing the street in front of the approaching

car was negligence on her part, which contributed to her
death, and barred a recovery. We think the case should
have been submitted to the jury.

The negligence of the driver of the car is conceded. His
conduct in driving rapidly along Canal street at its intersec-
tion with Orchard street, without looking ahead, but with his
eyes turned to the inside of the car, was grossly negligent.
(*Mangam* v. *Brooklyn R. R. Co.*, 38 N. Y. 455; *Railroad
Co.* v. *Gladmon*, 15 Wall. 401). It cannot be asserted as a
proposition of law that a child just passed seven years of age
is *sui juris*, so as to be chargeable with negligence. The law
does not define when a child becomes *sui juris*. (*Kunz* v.
*City of Troy*, 104 N. Y. 344). Infants under seven years of
age are deemed incapable of committing crime, and by the
common law such incapacity presumptively continues until
the age of fourteen. An infant between those ages was
regarded as within the age of possible discretion, but on a
criminal charge against an infant between those years the bur-
den was upon the prosecutor to show that the defendant had
intelligence and maturity of judgment sufficient to render
him capable of harboring a criminal intent. (1 Arch. 11.)
The Penal Code preserves the rule of the common law except
that it fixes the age of twelve instead of fourteen as the time
when the presumption of incapacity ceases. (Penal Code,
§§ 18, 19.)

In administering civil remedies the law does not fix any
arbitrary period when an infant is deemed capable of exercising
judgment and discretion. It has been said in one case that an
infant three or four years of age could not be regarded as *sui juris*,
and the same was said in another case of an infant five years
of age. (*Mangam* v. *Brooklyn R. R.*, *supra*; *Fallon* v. *Cen-
tral Park, N. & E. R. R. R. Co.*, 64 N. Y. 13.) On the other
hand, it was said in *Cosgrove* v. *Ogden* (49 N. Y. 255), that a
lad six years of age could not be assumed to be incapable of
protecting himself from danger in streets or roads, and in
another case that a boy of eleven years of age was competent to
be trusted in the streets of a city. (*McMahon* v. *Mayor, etc.*,

33 N. Y. 642.) From the nature of the case it is impossible to prescribe a fixed period when a child becomes *sui juris.* Some children reach the point earlier than others. It depends upon many things, such as natural capacity, physical conditions, training, habits of life and surroundings. These and other circumstances may enter into the question. It becomes, therefore, a question of fact for the jury where the inquiry is material unless the child is of so very tender years that the court can safely decide the fact. The trial court misapprehended the case of *Wendell* v. *New York Central Railroad Company* (91 N. Y. 420), in supposing that it decided, as a proposition of law, that a child of seven years was capable of exercising judgment so as to be chargeable with contributory negligence. It was assumed in that case, both on the trial and on appeal; that the child whose conduct was in question was capable of understanding, and did understand the peril of the situation, and the evidence placed it beyond doubt that he recklessly encountered the danger which resulted in his death. The boy was familiar with the crossing, and, eluding the flagman who tried to bar his way, attempted to run across the track in front of an approaching train in plain sight, and unfortunately slipped and fell, and was run over and killed. It appeared that he was a bright, active boy, accustomed to go to school and on errands alone, and sometimes was intrusted with the duty of driving a horse and wagon, and that on previous occasions he had been stopped by the flagman while attempting to cross the track in front of an approaching train, and had been warned of the danger. The court held, upon this state of facts, that the boy was guilty of culpable negligence. But the case does not decide, as matter of law, that all children of the age of seven years are *sui juris.*

We are inclined to the opinion that in an action for an injury to a child of tender years, based on negligence, who may or may not have been *sui juris* when the injury happened, and the fact is material as bearing upon the question of contributory negligence, the burden is upon the plaintiff to give some evidence that the party injured was not capable, as mat-

ter of fact, of exercising judgment and discretion.   This rule would seem to be consistent with the principle now well settled in this state, that in an action for a personal injury, based on negligence, freedom from contributory negligence on the part of the party injured is an element of the cause of action. In the present case the only fact before the jury bearing upon the capacity of the child whose death was in question was that she was a girl seven years and three months old.   This, we think, did not alone justify an inference that the child was incapable of exercising any degree of care.   But, assuming that the child was chargeable with the exercise of some degree of care, we think it should have been left to the jury to determine whether she acted with that degree of prudence which might reasonably be expected, under the circumstances, of a child of her years.   This measure of care is all that the law exacts in such a case.   (*Thurber* v. *Harlem, B. M. & F. R. R. Co.*, 60 N. Y. 335.)   The child was lawfully in the street.   In attempting to cross she was struck by the horse on the defendant's car and was run over and killed   The evidence would have justified the jury in finding that when the child stepped down from the curb-stone the car was fifty or more feet away, and the distance from the curb-stone to the track of the defendant's road was less than twelve feet.   The child, if she saw the car, might very well have supposed that she could get over the track before the car passed.   There is evidence that the speed of the car was increased at about the time the child started to cross.   It was, we think, for the jury to say whether the child's conduct was unusual or unnatural for a child of her years.   She probably did not appreciate the rapidity of movement of the car, nor could it be expected that she would weigh the circumstances or fully understand the danger of attempting to cross in front of the car.   The negligence of the defendant's driver is conceded, and it was for the jury to judge whether the conduct of the child in crossing the street to join another child engaged in roller skating on the opposite side was characterized by any want of that degree of care which children, under similar circumstances, would usually

exercise.     There is no question in the case of negligence on
the part of the parent of the child.     That point was not
presented on the motion for nonsuit.

The judgment should be reversed and a new trial granted.
All concur.

Judgment reversed.