PER CURIAM.
—This action is to recover damages for injuries sustained by the plaintiff, a child aged eight years, from being run down by the defendant’s trolley car. We think that the facts bring the action within the case of Stone v. D. D. Railroad Co., 115 N. Y. 104; 23 St. Rep. 551, and that the motion to dismiss the complaint was therefore properly denied. The opinion in that case clearly points out the difference between the care to be taken in crossing a steam railroad and in crossing a street railroad, and the distinction between a case like the present and that passed on in Wendell v. Railroad Co., 91 N. Y. 421. It is also an authority that the question whether the plaintiff was non sui juris or not was properly one for the jury.
The exception (at folio 355) to the court’s refusal to charge was not well taken. The request excluded consideration of the conduct of the motorman prior to the occurrance of the accident. If it was not intended to so limit it, then the question was already *720 covered by the previous charge, and it was unnecessary to repeat it. The exception to the refusal to charge at folio 351 is also without foundation. The request was subject to the same criticism as made on the request heretofore mentioned, and also to the further objection that it excluded consideration of the question whether the plaintiff was non sui juris or not.
We are asked to set aside the verdict on the further grounds that it was against the weight of evidence, and the damages ex-' cessive. The evidence to support the plaintiff’s claim was almost exclusively that of one Emerich, who testified that he was in the track, and in front of the car of the defendant; that the motorman rang the bell for the witness to turn out of the track, but that he failed to turn out until he found a place where the pavement was good; that the motorman, angry at the witnesses’ delay, as the car shot past his wagon, turned towards him and shook his fist, that at this time he ran down the plaintiff. On defen dan d’s part, the motorman testified that no such occurrence took place, and that the witness Emerich, with his wagon, was at the scene of the accident. In this he was corroborated by a policeman riding on the car. Several other witnesses, passengers on the car, testified that they did not witness the occurrence which Emerich relates. Their testimony dois not absolutely deny its occurrence. Emerich seems to be a reputable man, carrying on business as a manufacturer of dumb waiters and elevators in the city of Brooklyn, and gave his address and place of business. If his story is incorrect, his testimony is a piece of deliberate perjury made out of whole cloth. In such a case, it was for the jury, who saw the witnesses and observed their manner and demeanor on the stand, to say which of the witnesses they believed told the truth.
The plaintiff had her cut open, which has resulted in a scar which will permanently disfigure her. Another result of that injury is that she will always be unable to masticate her food on that side of her mouth. Besides that, her collar bone and four ribs were broken, and there was an injury to the pelvis. For such injuries we do not think this verdict can be termed excessive.
The judgment and order denying the motion for a new trial, ■ appealed from, should be affirmed, with costs.