·due form, and upon their face apparently valid. They are objected to by the widow, who is the sole beneficiary in the will, so this contest is really between the creditors and the widow. The object of the executrix in this proceeding is to obtain a decision of the court as to the validity of these claims, and as to the liability of the estate to pay them if declared valid, and a decree granted directing their payment, to the end that upon the final judicial settlement of the estate her account may not be surcharged for the payment of debts that are invalid, nor involve the estate in litigation for refusing to pay claims that are valid.

Of the several claims filed with the executrix against the estate, four are objected to and contested, to wit: Warren Coomer, $15; Addie E. Mabee, $24; Elizabeth Carter, $56.58; Sarah J. Monroe, $259. Two of these claimants are sisters, one a niece, the other a nephew, of the decedent. The greater portion of these claims is for taking care of decedent in his last sickness, and for services rendered as housekeeper for decedent in former years. The rule in regard to such claims is too well settled to require the citing of authorities that claims against the estate of a deceased person made by near relatives for personal services rendered in the last sickness, and for domestic services in the deceased's household, are to be regarded with suspicion, and require stronger proof to establish them than ordinary claims made by strangers. A large amount of testimony was taken in relation to the validity of these claims, and, without discussing the testimony in detail as it relates to the several items, I think the proof is insufficient under the law to establish them all as legal claims against the estate. The claim of Warren Coomer is rejected. The affidavit attached to that claim as filed is fatally defective, in that it does not conform to the statutory requirements, and the proof in relation to this claim does not cure the defect in the affidavit, nor establish the claim. The claim of Addie E. Mabee is allowed to the extent of $14, Sarah J. Monroe in the sum of $16, and Elizabeth Carter's claim of $56.58 is allowed in full; with interest upon the several claims as allowed. Contestant's motion to dismiss the proceeding is denied. Counsel for the executrix may prepare and submit a proposed form of decree, in accordance with this opinion. Decreed accordingly.

---

(35 Misc. Rep. 200.)

GOLDSTEIN v. DRY DOCK, E. B. & B. R. CO.

(City Court of New York, General Term.    May, 1901.)

**1. STREET RAILROADS—INJURY TO INFANT.**

A child 4 years old, with his sister, 9 years old, attempted to cross a street-car track, when the car was distant from 50 to 100 feet. The horses were going fast down an incline, and the driver was looking into the car, and without his hand on the brake. The child broke away from his sister, and was run over. *Held* error to dismiss the complaint.

**2. SAME—NEGLIGENCE OF DRIVER.**

The conduct of the driver in driving rapidly along a city thoroughfare, without looking ahead, was grossly negligent.

**8. SAME—QUESTIONS FOR JURY.**

The questions whether a girl 9 years old, having charge of the child injured, was sui juris, and whether she was negligent, were for the jury.

Appeal from trial term.

Action by Benjamin Goldstein, by Max Goldstein, his guardian ad litem, against the Dry Dock, East Broadway & Battery Railroad Company. Judgment for defendant, and plaintiff appeals. Reversed.

Argued before FITZSIMONS, C. J., and DELEHANTY and SCHUCHMAN, JJ.

Abraham Levy (Charles Haldane, of counsel), for appellant.

Henry A. Robinson (John T. Little, of counsel), for respondent.

PER CURIAM. This action was to recover damages for injuries received by the plaintiff through the alleged negligence of the defendant in the operation of one of its horse cars. At the close of plaintiff's case his complaint was dismissed, and from the judgment entered thereon this appeal is taken.

We have before us the same questions presented to the trial justice, namely, whether there was sufficient evidence to go to the jury upon the defendant's negligence and the plaintiff's freedom from contributory negligence, and in the determination thereof the plaintiff is entitled to the most favorable inferences to be drawn from the testimony. The record shows that on May 12, 1897, between 3 and 4 p. m., the plaintiff, a child 4 years old, with his sister, 9 years old, started to cross the street in the middle of the block, and at that time the car in question was, according to some of the witnesses, about three or four houses away, and, according to another witness, about a house away. The horses were going very fast, and the driver was looking into the car, and not in the direction it was going, namely, towards the children. The plaintiff became confused, broke away from his sister, got upon the track, was knocked down by the nigh horse attached to the car, and run over. The car was going down hill a little bit, and the driver did not have his hand on the brake. As the front wheel passed over the plaintiff the car was brought to a stop. From where these children started to cross the street to the car rail in question was 12½ feet. On the motion to dismiss, the defendant's counsel stated that the plaintiff at the time of the accident was non sui juris, and that it was a question whether then the little girl was.

A consideration of this evidence leads us to the conclusion that a question of fact was presented which should have been submitted to the jury. The conduct of the driver of the car in driving rapidly along a thoroughfare of a busy city without looking ahead, but with his eyes turned to the inside of the car, was grossly negligent. Mangam v. Railroad Co., 38 N. Y. 455, 98 Am. Dec. 66. When we remember that the car at this time was proceeding on an incline, and that the driver, in addition to the foregoing, did not have hold of the brake, the negligence was accentuated, if that were possible. Whether the little girl was sui juris was for the jury to determine. Her years were not so tender that the court could decide that as a

matter of law. As was said in Stone v. Railroad Co., 115 N. Y. 104, 21 N. E. 712:

"In administering civil remedies the law does not fix any arbitrary period when an infant is deemed capable of exercising judgment and discretion. * * * From the nature of the case, it is impossible to prescribe a fixed period when a child becomes sui juris. Some children reach the point earlier than others. It depends upon many things, such as natural capacity, physical conditions, training, habits of life, and surroundings. These and other circumstances may enter into the question. It becomes, therefore, a question of fact for the jury where the inquiry is material unless the child is of so very tender years that the court can safely decide the fact."

Assume that the girl was sui juris; should it not have been left to the jury to determine whether she acted with that degree of care which might reasonably be expected, under the circumstances, of one of her age? The jury would have been justified in finding that when the plaintiff and his sister started to cross the street the car in question was anywhere from 25 to 100 feet away, assuming the width of lots in that vicinity to be 25 feet, and that the space between the sidewalk and track was 12½ feet. Under the circumstances, the girl might well have supposed that she and her brother could cross the track before the car reached that point. There was negligence established on the part of the driver, and whether or not the girl exercised, under the circumstances, such a degree of care as might be reasonably expected of one of her age, should, in our opinion, have been submitted to the jury. For the reasons stated, the judgment should be reversed, and a new trial granted, with costs to appellant to abide the event.

Judgment reversed, and new trial granted, with costs to appellant to abide event.