LEONARD SIMKOFF, an Infant, by WILLIAM SIMKOFF, His Guardian ad Litem, Respondent, *v.* LEHIGH VALLEY RAILROAD COMPANY, Appellant.

NEGLIGENCE — WHEN BURDEN OF PROOF RESTS UPON PLAINTIFF TO ESTABLISH THAT HE WAS NON SUI JURIS. In an action to recover damages for personal injuries alleged to have been caused by the negligence of defendant, the plaintiff at the time of the accident being an infant over seven years of age, the burden of proof rests upon him to establish that he was *non sui juris;* but the refusal of the trial judge to instruct the jury to this effect, and a direct charge that the burden of proving that plaintiff was *sui juris* rested upon the defendant, was an immaterial error under the facts, and as the court had already charged that, whether or not *sui juris,* he could not recover if he failed to exercise the care commensurate with his years and intelligence.

*Simkoff* v. *Lehigh Valley R. R. Co.,* 118 App. Div. 918, affirmed.

(Argued December 10, 1907; decided December 17, 1907.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered March 18, 1907, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Lyman M. Bass* for appellant. The trial judge was in error in refusing to charge the jury that the burden of proving that the plaintiff was unable to properly care for himself at the time of the accident was upon the plaintiff. (*McGreel* v. *B. O. Co.,* 153 N. Y. 265; *Whitlatch* v. *F. & C. Co.,* 149 N. Y. 45, *Hurd* v. *King,* 56 App. Div. 595.)

*George H. Kennedy* for respondent. There is no reversible error in any of the rulings of the trial court. (*Costello* v. *T. A. R. R. Co.,* 161 N. Y. 324; *Tucker* v. *N. Y. C. & H. R. R. R. Co.,* 124 N. Y. 308; *Zwack* v. *N. Y., L. E. & W. R. R. Co.,* 160 N. Y. 362; *Dempsey* v. *B. H. R. R. Co.,* 96 N. Y. Supp. 639; *Hill* v. *Baltimore & N. Y. R. Co.,* 75

App. Div. 325; *Kennedy.* v. *Hills Bros.*, 54 App. Div. 29; *Pettit* v. *Burkhard*, 106 N. Y. Supp. 245; *Kaplan* v. *M. St. Ry. Co.*, 90 N. Y. Supp. 585; *Mott* v. *C. I. Co.*, 73 N. Y. 543; *Masterson* v. *N. Y. C. & H. R. R. R. Co.*, 84 N. Y. 247.)

Gray, J.    The plaintiff has recovered a verdict in damages for personal injuries, which, he alleged, were occasioned through the negligence of the defendant, and the judgment has been affirmed by the Appellate Division. The plaintiff was, at the time of his accident, an infant of over seven years of age. While crossing the tracks of the defendant, in the city of Buffalo, he was run down by a locomotive engine and received the injuries of which he complains. According to the evidence, on either side, the engine approached the street crossing at a rate of speed not to exceed three to four miles an hour. The plaintiff's claim was that his foot was caught in a gap in the planking of the sidewalk, upon which he was passing, where it met the rail of the track and that, while helpless therefrom, the engineer, though he could see him, neglected to stop his engine. The case presented, mainly, a question of fact upon the evidence with respect to the way in which the accident occurred and we might affirm the judgment, without any expression of opinion, were it not for the ruling of the trial court upon a certain request made by the defendant. The plaintiff himself was not examined. His father testified that he had been " a bright, intelligent boy;" who had, for two summers, attended school and who was accustomed to pass over the same way every few days, for the past few years.

The trial judge, in his charge, left it to the jury to say whether the plaintiff was of " sufficient mental capacity by reason of his age to appreciate danger and exercise caution." Upon the conclusion of the main charge, the court was requested by the defendant, further, to. charge " that the burden of proving that the plaintiff was unable to properly care for himself at the time of the accident is upon the plain-

17

tiff." The judge refused to charge as requested; holding, upon the authority of *Costello* v. *Third Ave. Railroad Co.* (161 N. Y. 317), that the burden was upon the defendant of establishing that an infant of that age was *sui juris*. In so ruling I think the learned trial judge erred as to the general legal proposition. The opinion of this court in the *Costello* case did not pass upon the question of the burden of proof in such cases. The rule has been, more properly, stated by this court in the opinion in the case of *McGrell* v. *Buffalo Office Bldg. Co.* (153 N. Y. 265). I am not aware that we have decided to the contrary. In that case Judge Martin, speaking for the court, said that if the infant, (in that case a girl of between nine and ten years of age), was "unable to properly care for herself under the circumstances, the burden of establishing that fact was upon the plaintiff." In *Stone* v. *Dry Dock, E. B. & B. R. R. Co.* (115 N. Y. 104), where the infant was seven years of age, the same rule was laid down. The establishment of the fact that an infant is *non sui juris* to the satisfaction of the jury, if considered material, is as much a part of the plaintiff's case as any other evidence is, upon which he relies to make out a case for a recovery. Some evidence should be given showing the extent of the child's capacity to care for himself, where, as here, he is left more or less to himself; that is, not in the care of a parent, or other guardian. The degree of care to be reasonably expected in an infant of the plaintiff's age was a question of fact for the jury to determine under the circumstances and upon the evidence as to his capacity and intelligence. As it was observed in *McGrell's* case, the plaintiff "was not of such tender years that it could be held, as matter of law, he was *non sui juris*."

While, therefore, the ruling of the trial court was erroneous, I do not think that the error was material, or prejudicial, to the defendant. The course, which the trial of the issue took, made it of no importance whether the plaintiff was, at the time, *sui juris* or *non sui juris*. According to the evidence for the plaintiff, he was unable to withdraw his foot from the hole between the plank of the sidewalk and the rail and the

engine was at such a distance, and was proceeding at such a moderate rate of speed, as to have permitted the engineer to stop in time to avoid an accident. According to the evidence for the defendant, the plaintiff, when the engine was within ten feet, or less, of him, attempted to cross in front of it and was run over. The trial court, in its main charge to the jurors, had instructed them that, if they accepted the testimony of the defendant's witnesses, as to the plaintiff going upon the track when the engine was within a few feet of the crossing, he could not recover: But, still more broadly and favorably, at the defendant's request, the trial court, further, charged that "if the jury find that the plaintiff, whether *sui juris* or *non sui juris*, failed to exercise such care as was commensurate with his years and intelligence then the verdict must be for the defendant."

It seems to me very clear, under the circumstances, that the defendant cannot be said to have been prejudiced by the erroneous ruling in question and, therefore, the judgment should be affirmed, with costs.

CULLEN, Ch. J., EDWARD T. BARTLETT, HAIGHT, WERNER, WILLARD BARTLETT and HISCOCK, JJ., concur.

Judgment affirmed.