CORSALE v. FACINI et al.

(Supreme Court, Appellate Term. June 30, 1908.)

1. NEGLIGENCE—CHILDREN—CARE REQUIRED—QUESTION FOR JURY.

　　In an action by an infant eight years old for injuries from being run over by a wagon, the law indulges no presumption as to whether the infant was or was not sui juris; but that is a question of fact, to be determined in view of the circumstances and the child's capacity and ability to take care of himself.

　　[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Negligence, §§ 347, 348.]

2. SAME.

　　An infant eight years old, who was run over by a wagon, held, under the evidence, not as a matter of law sui juris at the time of the accident.

3. TRIAL—DIRECTION OF VERDICT.

　　In an action by an infant for personal injuries, if the circumstances would not justify a recovery unless he was non sui juris, the burden would be upon him to prove that fact, and, if he failed, proper practice would require the dismissal of the complaint, and not a directed verdict for defendant, since the omission would be a mere failure of proof, which might be supplied on another trial.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Adolpho Corsale, an infant, etc., against Adele Facini and another for personal injuries. From a judgment for defendants, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Henry C. Burnstine, for appellant.

Frank V. Johnson (Allan E. Brosmith, of counsel), for respondents.

SEABURY, J. The plaintiff at the time of the accident was eight years of age. Whether he was sui juris or non sui juris was a question of fact, to be determined by the evidence, in view of the existing circumstances and the child's capacity and ability to take care of himself. The law indulged no presumption one way or the other on this subject. Upon the evidence before the court below it was not justified in deciding as a matter of law that the infant was sui juris at the time of the accident. Stone v. Dry Dock, E. B. & B. R. R. Co., 115 N. Y. 104, 21 N. E. 712. Consequently it was error for the court to direct a verdict for the defendant. In directing a verdict for the defendant, the court necessarily assumed that the infant was sui juris. This assumption the court had no right to make. The question was purely one of fact, and should have been submitted to the jury for their determination. It is true, where the circumstances would not justify a recovery unless the infant was non sui juris, the burden is upon the plaintiff to prove this fact. If the plaintiff failed in sustaining this burden of proof, proper practice required the dismissal of the complaint, not a direction of a verdict for the defendant. The omission to prove this fact was a mere failure of proof, which might have been supplied upon another trial. The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

GILDERSLEEVE, P. J., concurs.

MacLEAN, J. (concurring). Simply because of the age of eight, no human being may be presumed an automaton incapable of care. Being at the time of the accident upwards of eight years of age, the plaintiff, while crossing Worth street in the middle of the block, in which were other teams, was run over by a wagon coming from Chatham Square. He testified that he looked towards Baxter street, but did not look toward Chatham Square, nor did he see or hear the wagon that ran over him until he was struck. Indeed, one of the witnesses testified that he saw him run under the wagon. Although the plaintiff was only between eight and nine years of age, it may not be asserted as matter of law that as a matter of fact the plaintiff was non sui juris. "The establishment of the fact that an infant is non sui juris to the satisfaction of the jury, if considered material, is as much a part of the plaintiff's case as any other evidence is upon which he relies to make out a case for a recovery." Simkoff v. Lehigh Valley R. R. Co., 190 N. Y. 256, 258, 83 N. E. 15. There is no evidence herein that the child was lacking in capacity to care for itself. True it is that the law discriminates between children and adults, and requires of the former only that degree of care reasonably to be expected in view of their age. Nevertheless, when the evidence discloses the exercise of no care at all in the direction of the danger to be apprehended and that actually overtook the plaintiff, there was nothing to submit to the jury, except for their sympathy. Perez v. Sandrowitz, 180 N. Y. 397, 401, 73 N. E. 228.

A dismissal of the complaint would have been proper, but not so the direction of a verdict.