JAMES MCLOUGHLIN, by PATRICK MCLOUGHLIN, His Guardian ad Litem, and PATRICK MCLOUGHLIN, Respondents, *v.* BONPARK REALTY CORPORATION, Appellant.

First Department, November 1, 1940.

*Clarence S. Zipp* of counsel [*J. Austin Lyons* with him on the brief; *Phillips & Ahearn,* attorneys], for the appellant.

*Julius Weiss* of counsel [*John P. Walsh* with him on the brief; *Kadel, Sheils & Weiss,* attorneys], for the respondents.

TOWNLEY, J.   In this negligence action, an infant, eleven years old, was injured while entering an areaway to recover a ball that had fallen into it.   The court first charged that the infant plaintiff must prove freedom from contributory negligence.   On request of the plaintiffs, however, the court changed its charge and in effect charged that in the case of a child under twelve years old the burden of proving contributory negligence was on the defendant. In view of the decided cases this was error.

The rule has been recently restated in *Camardo* v. *New York State Railways* (247 N. Y. 111, 117) as follows: " The only rule that can safely be drawn from the decisions of this State is that a recovery may be had for injuries inflicted upon a child by the negligence of another only where an inference may be drawn from the evidence presented in the particular case that no failure on the part of the child to exercise the care which might reasonably be expected of a child of equal age and capacity contributed to the injury."   The court also said (p. 115): " The plaintiff in an action for personal injuries always has the burden of proving freedom from contributory negligence.   That rule applies alike where the plaintiff is an adult or an infant.   (*Wendell* v. *N. Y. C. & H. R. R. R. Co.,* 91 N. Y. 420; *Stone* v. *Dry Dock, E. B. & B. R. R. Co.,* 115

N. Y. 104; *Simkoff* v. *Lehigh Valley R. R. Co.*, 190 N. Y. 256.) The care which may reasonably be exacted of an immature child must be measured by a standard which a child may reasonably be expected to attain. A child is not guilty of contributory negligence if it has exercised the care which may reasonably be expected of a child of similar age and capacity."

In view of the nature of the case the error was substantial and a new trial should be ordered.

The judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

MARTIN, P. J., GLENNON, DORE and COHN, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.