KATE V. MOEBUS, Respondent, *v.* HENRY HERRMANN, Appellant.

| 108 | 349 |
| 110 | 507 |
| 108 | 349 |
| 116 | 465 |
| 116 | 470 |
| 108 | 349 |
| 158 | 259 |
| 108 | 349 |
| 161 | 323 |

A person on foot, desiring to cross a city street, has a right to cross, not. only at the cross-walk, but wherever he pleases; and one driving horses upon the street is bound to be watchful at all points, as well as at the, crossings so as not to injure persons crossing.

If, therefore, through the omission of a servant engaged in the business of and driving the horse of his master to perform this duty, he does not see a person crossing at a point where there is no cross-walk, or if seeing him he fails to stop the horse in time, when with proper care he might have done so, and the latter is injured without fault or negligence on his part, the master is liable for the damage.

The duty imposed upon a wayfarer at the crossing of a street by a railroad track to look both ways, does not, as matter of law, attach to one about to cross a city street.

(Argued January 27, 1888; decided February 10, 1888.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made December 15, 1885, which affirmed a judgment in favor of plaintiff entered upon a verdict and affirmed an order denying a motion for a new trial. (Reported below, 38 Hun, 370.)

This action was brought to recover damages for the loss of services of plaintiff's son and for expenses of medical treatment and nursing, caused by personal injuries received by the son, a lad about seven years of age, who having been sent out on an errand by his mother, when crossing a street in the city of Brooklyn, was struck, knocked down and injured by a horse belonging to defendant, attached to his truck and driven by his servant.

The facts so far as material are stated in the opinion.

*Samuel D. Morris* for appellant. Negligence cannot be imputed to the driver of the truck. Simply turning around his head (if he did so) was not a negligent act; the horse was on a slow jog, and the accident not occurring at a crossing, but some distance from it. (*Cotton* v. *Wood*, 8 C. B. [N. S.] 568; 1 Thompson on Negligence, 364.) The plaintiff's boy was guilty of negligence contributing to his injury. (*Motel* v. *Sixth Ave. R. R. Co.*, 99 N. Y. 632.) The boy was not exempted from the exercise of care and prudence in crossing the street. (*Wendell* v. *N. Y. C., etc.*, 91 N. Y. 426; *Reynolds* v. *N. Y. C. & H. R. R. R. Co.*, 58 id. 248; *Talman* v. *S. & C. R. R. Co*, 98 id. 198; *Warner* v. *N. Y. C. R. R. Co.*, 44 id. 471; *Britton* v. *N. Y. C. R. R. Co.*, 18 id. 248; *Stone* v. *Dry Dock, etc.*, Weekly Dig. Dec. 9, 1887.) The court erred in refusing to charge that if the plaintiff's son knew there was danger in crossing the street, it was his duty before attempting to cross to look and see if any vehicles were approaching, and if he failed to do so and was thereby injured by coming into contact with a passing vehicle, he was guilty of negligence and plaintiff cannot recover. (*Barker* v. *Savage*, 45 N. Y. 191; *Wendell* v. *N. Y. C. etc.*, 91 id. 426.) Upon

the evidence there is just as much reason for saying that the plaintiff came negligently in collision with the defendant's horse and wagon, as for saying that the collision was the result of negligence on the part of defendant's servant. (*Collon* v. *Wood*, 8 C. B. [N. S.] 568; 1 Thompson on Negligence, 364.) It was also error to refuse to charge that the boy's evidence that he did not look for the purpose of discovering vehicles while crossing the street is uncontradicted, the jury have no right to disregard it. (*Fordham* v. *Smith*, 44 How. Pr. 472; affirmed in 46 N. Y. 683; *Lomer* v. *Meeker*, 25 N. Y. 361.)

*Mr. Roderick* for respondent. Whoever drives horses along the streets of a city is bound to anticipate that travelers on foot may be at the crossing, and must take reasonable care not to injure them. He is negligent whenever he fails to look out for them, or when he sees and does not, so far as in his power, avoid them. (*Murphy* v. *Orr*, 96 N. Y. 14, 16; *Thurber* v. *Harlem B. M. & F. R. R. Co.*, 60 id. 326; *Old-field* v. *N. Y. C. & H. R. R. R. Co.*, 14 id. 311; *Shapleigh* v. *Wyman*, 134 Mass. 118; *Meyers* v. *Dixon*, 35 Supr. Ct. 390; *Williams* v. *Richards*, 3 Car. & Kir. 81; *R. R. Co.* v. *Glad-man*, 15 Wall. 401; *Cotterill* v. *Starkey*, 8 Car. & P. 691; *Springett* v. *Ball*, 4 Fost. & F. 472; *Brusso* v. *City of Buf-falo*, 90 N. Y. 679.) Whether the plaintiff's child was, under the circumstances of the case, guilty of contributory negligence was properly left to the jury as a question of fact. (*Thurber* v. *Harlem B. M. & F. R. R. Co.*, 60 N. Y. 335; *R. R. Co.* v. *Gladman*, 15 Wall. 401, 408; *Lynch* v. *Murdin*, 41 Eng. C. L. 422; *Mangam* v. *Brooklyn City R. R. Co.*, 38 N. Y. 458; *Byrne* v. *N. Y. C. & H. R. R. R. Co.*, 83 id. 620; *Dowling* v. *N. Y. C. & H. R. R. R. Co.*, 90 id. 670; *Mowrey* v. *Central City R. Co.*, 51 id. 666; *Fallon* v. *Central Park R. R. Co.*, 64 id. 13; *Maher* v. *Central Park R. R. Co.*, 67 id. 52; *Wendell* v. *N. Y. C. & H. R. R. R. Co.*, 91 id. 420.) If the plaintiff's child had been an adult, his failure to look up and down the street before crossing would not have been conclusive evidence of

negligence as a matter of law. The rule that applies to cross-ing the tracks of steam railroads has no application to cross-ings of an ordinary city street. (*Shapleigh* v. *Wyman,* 134 Mass. 118; *Williams* v. *Grealy,* 112 id. 79; *Schienfeldt* v. *Norris,* 115 id. 67; *Chaffee* v. *Boston & Lowell R. R. Co.,* 104 Mass. 108; *Wendell* v. *N. Y. C. & H. R. R. R. Co.,* 91 N. Y. 420, 429; *Barker* v. *Savage,* 45 id. 191.) A child, even of the immature years of the plaintiff's son, may be bound to avoid an approaching vehicle when he sees it; but in crossing a city street not a thoroughfare, he is not bound, as matter of law, always to bear in mind the possibility that a vehicle may be approaching. (*Palmer* v. *Dearing,* 93 N. Y. 7; *Bassett* v. *Fish,* 75 id. 304; *Weed* v. *Village of Ballston Spa,* 76 id. 329, 333.) Whether this child was *sui juris* at the time this accident happened was a question for the jury. (*Fallon* v. *C. P. R. R. Co.,* 64 N. Y. 13.)

DANFORTH, J. The jury have found that the child was not careless and that the defendant's driver was negligent. If there is evidence to support these findings the only circum-stance which distinguishes this case from *Murphy* v. *Orr* (96 N. Y. 14), is that the child whose conduct is now in ques-tion, was not on the cross-walk. A person on foot has, how-ever, a right to cross the street where he pleases, and the inquiry is the same, whether, under the circumstances in any given case he does so with due caution. So with the driver. He was bound to be watchful at all points, elsewhere as well as at the cross-walk, and had he been so the jury might well have said from the evidence, he would have seen the child in season to have prevented the collision. He was sitting on a high seat, the view was unobstructed, and from it he could see "all over the street," but he testifies that he did not see the child "until the shaft knocked him down." It is probable he did not see him at all, for the evidence from other witnesses is that he drove on, not checking his horse nor heeding the cries of the bystanders until, after going seventy-five feet or thereabouts, he was forcibly stopped by a person who had seen

the occurrence. It also appears that during the intervening time the horse was moving at a slow trot, the driver having the reins in his left hand, while with his head turned to the right, *i. e.*, away from the child, he was looking backward and conversing with a fellow servant who was driving a similar wagon belonging to the defendant. The grade was ascending and it is in evidence that the wagon could have been stopped before going the length of the horse and the child saved before the wheels reached him. The driver either saw the child and recklessly drove over him, or failed to see him because of inattention. His own statement to one who said "for God's sake how did you come to run over the child," was, "I could not help it because I could not see him," permits the latter as the more charitable inference, but he was none the less the cause of the accident. The child was less than seven years old and therefore had not reached an age at which infants are generally supposed to be of full discretion or capable of crime of which laches and neglect are but degrees. (Penal Code, §§ 18, 718, sub. 1.) But the case was given to the jury as one in which he was bound to exercise care in attempting to cross, and to look and see if he could do so safely, the court saying, " the rule of vigilance applies to children as well as to adults, ' but' that a child of immature years, whilst bound to exercise care, is held to no higher degree of forethought than you could expect of its age; " and again, "if you say the child did what an ordinarily careful child would have done, then it is not negligence; " and at the request of defendant's counsel he charged, that it was as much the duty of the boy to look out for vehicles while crossing the street, as it was for the driver to see that he did not come in contact with any one; " also that " if the boy failed to adopt the means known to him to be effective in protecting him against danger, and was injured thereby, the plaintiff cannot recover." No exception was taken to the charge, nor is it open to any. The propositions on which the case was made to turn, were formulated with due regard to the preservation of every legal right

of the defendant. (*Thurber* v. *Harlem B. M. & F. R. R. Co.*, 60 N. Y. 335; *Byrne* v. *N. Y. C. & R. R. Co.*, 83 id. 620; *Dowling* v. *N. Y. C., etc., R. R. Co.*, 90 id. 670.) Portions of the appellant's argument, however, rest upon testimony of the child, that while playing in the streets and crossing them, he "would, if he saw a wagon coming, wait until it passed." The learned counsel for the defendant then said, "You did not think about looking this day when you got hurt, did you?" and the witness replied, "No, sir." "You had always before that?" "Yes, sir." These were leading questions, and how far they elicited the conscious experience of a child not then seven years of age, was for the jury. But being asked, "How were you looking?" answered, "Straight ahead." There is other evidence to the same effect.

The court, therefore, did not err in refusing to charge the jury at the defendant's request, propositions which assumed as their foundation that the child used no vigilance and did not look. The duty imposed upon a wayfarer at the crossing of a street by the track of a railroad to look both ways, does not as matter of law attach to such person when about to cross from one side to the other of a city street. The degree of caution he must exercise will be affected by the situation and surrounding circumstances. In the former case there is obvious and constantly impending danger not easily or likely to be under the control of the engineer; in the latter the vehicles are managed without difficulty and injuries are infrequent. The distinction is recognized in *Wendell* v. *N. Y. C. & H. R. R. R. Co.* (91 N. Y. 420), cited by the appellant, and the observations of the learned judge who delivered the opinion in that case, show that the traveler is not subject to the same rules of conduct in these various situations.

The appellant fails to show error and the judgment appealed from should be affirmed.

All concur.

Judgment affirmed.