### ROTTENBERG v. SEGELKE.

(City Court of Brooklyn, General Term. November 27, 1893.)

1. NEGLIGENCE—CARELESS DRIVING IN STREET.
    The fact that a horse and wagon knocked down, in the street, two children, 8 and 12 years old, respectively, without the driver's knowledge, raises a question of his negligence sufficient to go to the jury.
2. SAME—CONTRIBUTORY NEGLIGENCE.
    One crossing a street at a corner is not bound to guard against the sharp turning of the corner by a wagon and its running over her without warning.

Appeal from trial term.

Action by Mollie Rottenberg, an infant, against Henry Segelke, for damages for personal injuries. Judgment for plaintiff. Defendant appeals. Affirmed.

Argued before CLEMENT, C. J., and VAN WYCK, J.

Benjamin W. Downing, for appellant.
Klein & Rendich, for respondent.

CLEMENT, C. J.    This case was properly submitted to the jury, and the verdict for plaintiff should not be disturbed. The plaintiff, an infant of the age of eight years, was on her way to school, accompanied by her sister, four years older. While in the act of crossing Graham avenue, at Stagg street, both children were knocked down by a horse attached to a wagon which came up Stagg street at a rapid rate, and suddenly, without warning, turned into Graham avenue. The wagon was driven up Graham avenue to the second house, where there is a watering trough for horses, and stopped, when a man came up, and said to the driver, "You ran over a child," to which the driver replied, "I don't know nothing about it," and "I didn't run over her." The driver admitted that he did not know that his horse had thrown down the two children, one 8 years old, and the other 12, who are presumed to be of the height of children of such age. On this admission alone, the plaintiff was entitled to go to the jury on the question of his

negligence.    Moebus v. Herrmann, 108 N. Y. 349, 15 N. E. Rep. 415. The driver of a vehicle on a street should be watchful, and, if his view is unobstructed, certainly, with ordinary care, should know whether his horse on the same occasion knocks down two children in the street.    The driver claimed that the snow falling at the time blinded his view.    If so, then he was bound to exercise greater care.    Even on this question he was contradicted by the witnesses for plaintiff, who say that the storm of snow was light.

On the question of contributory negligence, the testimony was strong in favor of the plaintiff.    There is no duty, as matter of law, upon a person crossing the street, either at a cross walk or elsewhere, to look up and down to avoid an approaching wagon.    Moebus v. Herrmann, supra.    In this case the plaintiff had the right to assume that the driver would not turn a sharp corner and run over her, without warning.    The proof that the wagon in question belonged to the defendant is ample, and the counsel for defendant, at the trial, conceded the point.    Judgment and order denying new trial affirmed, with costs.