kick him off; but he had not paid his fare, and we gently put him off;' but they admit that they put him off at or near Canal street."

As the defendant made a general denial, the plaintiff was bound to prove his case, and could not depend upon any admission in the special plea as if it were made generally in the action. Railroad Co. v. Kerr, 17 Barb. 581; Young v. Katz, 22 App. Div. 542, 48 N. Y. Supp. 187, per Bradley, J.; Duschnes v. Heyman, 2 App. Div. 354, 37 N. Y. Supp. 841. Moreover, the defense did not admit an assault. It stated affirmatively that the conductor, upon refusal of the plaintiff to pay his fare, put the passenger off the car gently, and without unnecessary violence; setting forth that this was the act of which the plaintiff complained. If a plaintiff would avail himself of an admission in an answer as a pleading, he must accept it entirely. He cannot accept a part and reject a part thereof. Shrady v. Shrady, 42 App. Div. 9, 13, 58 N. Y. Supp. 546; Oakley v. Oakley, 69 Hun, 121, 23 N. Y. Supp. 267; Duschnes v. Heyman, supra; Goodyear v. De La Vergne, 10 Hun, 538; Vanderbilt v. Schreyer, 21 Hun, 537; Albro v. Figuera, 60 N. Y. 630. Unless, then, the mere act of ejection of a passenger upon his refusal to pay fare, and the use only of such force as is necessary for that purpose, is per se an assault, for which the master is liable, there was no admission in the answer as a pleading which warranted the ruling of the learned court. We reverse without any expression of opinion upon the merits of the case.

The judgment and order should be reversed, and a new trial granted; costs to abide the event. All concur.

---

(75 App. Div. 325.)

### HILL v. BALTIMORE & N. Y. RY. CO.

(Supreme Court, Appellate Division, Second Department. October 10, 1902.)

1. NEGLIGENCE—INFANTS—SUI JURIS—QUESTION FOR JURY.
   A child under 12 years of age is presumed to be non sui juris, though the contrary may be shown.

2. SAME—QUESTION FOR JURY.
   The question whether a child under 12 years is sui juris is for the jury.

3. SAME—EJECTING TRESPASSER FROM TRAIN.
   Where a brakeman on a railroad train, in order to eject one stealing a ride, uses an unreasonable method, calculated to increase the trespasser's danger, and such action is the proximate cause of an injury, the railroad is liable.

4. SAME—NEGLIGENCE—QUESTION FOR JURY.
   Where one attempting to steal a ride on a moving train had caught the handles on a car, and swung himself clear of the ground, when a brakeman threw a lump of coal at him, and in dodging he lost his hold, and was injured, it was for the jury to say whether the brakeman's act was a reasonable and proper method of ejecting the trespasser, and whether the act was the proximate cause of the injury.

Appeal from trial term, Richmond county.

Action by Jacob Hill, by his guardian ad litem, against the Baltimore & New York Railway Company. From a judgment for de-

fendant, and from an order denying a new trial, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Gilbert D. Lamb, for appellant.
Richard Reid Rogers, for respondent.

HIRSCHBERG, J. The plaintiff, then an infant 11 years 9 months and 7 days old, was injured on the 22d day of March, 1897, while attempting to board a moving coal train of the defendant. He had caught hold of the handles of the car, and had swung his feet clear from the ground, in the attempt to board the train, when one of the defendant's brakemen threw a piece of coal at him, and in endeavoring to dodge it he lost his hold, fell under the car, and had his leg cut off. The dismissal of the complaint was before the plaintiff's case was rested, and was based by the learned trial justice upon the ground that the plaintiff was sui juris, and that his negligence in attempting to board the moving train barred a recovery as matter of law. The court, referring to the plaintiff, stated that, "If he was non sui juris, that makes another case," to which the plaintiff's counsel responded, "It is for the jury to pass upon that." After some additional evidence had been given, the court said: "The only point in the case is whether this boy is sui juris. I think he was. I am going to hold that he was. * * * I dismiss it upon your opening and on my own examination of the plaintiff, which has convinced me that he was sui juris. Mr. Lamb: I make the usual motion to set aside the direction, and to go to the jury. (Motion denied. Exception by plaintiff.)" It was error to hold that the plaintiff, an infant under 12 years of age, was sui juris as matter of law. The question was for the jury to determine, and, if they found him to be sui juris, he would, of course, have been properly held liable for the consequences of his negligence, provided the jury should find that such negligence was the proximate or a contributing cause of his injury. If, however, he was not sui juris, he could not be lawfully made to suffer, even as a trespasser, by reason of the affirmative act of negligence on the defendant's part in throwing coal at him while he was engaged in the hazardous act of boarding the car. The fact that he had not yet secured a position of safety upon the car can make no difference in principle, provided a jury should find that he was too young to appreciate in law the negligent nature of his act, and that no negligence was chargeable to his parents or guardian. There is no case in this state to which our attention has been called which holds that an infant under 12 years of age is sui juris as matter of law. It is true that in Wendell v. Railroad Co., 91 N. Y. 420, the plaintiff's infant decedent was only seven years of age, but, as Chief Judge Ruger pointed out at page 425, "the case was tried upon the assumption by the court and both parties that the deceased was sui juris, and that his parents were not chargeable with negligence in permitting him to be in the place where he was injured." So, in the case of McCarthy v. Railroad Co., 37 App. Div. 187, 55 N.

Y. Supp. 1013, the case was tried upon the assumption that the plaintiff was sui juris, and it was therefore held that the nonsuit was proper. In that case the infant plaintiff was seven years and two months old, but the court said (page 191, 37 App. Div., page 1016, 55 N. Y. Supp.): "It does not appear that any request was made to have the question of the plaintiff's responsibility submitted to the jury, nor that any express exception was taken to the decision of that question by the court." Here, however, the question was the only one considered by the court upon the trial. The plaintiff's counsel insisted explicitly that it should be submitted to the jury. Upon an adverse decision by the court, he moved for leave to go to the jury, and upon a denial of the motion filed an exception to the ruling. The question of the correctness of the ruling would, therefore, seem to be plainly presented on this appeal.

In Tucker v. Railroad Co., 124 N. Y. 308, 26 N. E. 916, 21 Am. St. Rep. 670, it was held that the question at what age an infant's responsibility for negligence may be presumed to commence is not one of fact, but of law; and in analogy to the provision of section 19 of the Penal Code, to the effect that a child under the age of 12 years would be presumed to be incapable of crime, it was suggested that 12 years was the age at which the presumption of capacity to appreciate danger and to exercise caution should commence. The presumption in either case—that is, of incapacity below the age of 12 and of capacity at that age—may, of course, be overborne by evidence. But, as was said by the court of appeals in the recent case of Zwack v. Railroad Co., 160 N. Y. 362, 365, 54 N. E. 785, 786:

"The reasoning of the court in the case of Tucker v. Railroad Co., 124 N. Y. 308, 26 N. E. 916, 21 Am. St. Rep. 670, is to the effect that an infant under the age of twelve years is presumed to be non sui juris, so that the question with respect to his capacity at that age becomes one of fact. It is true that an infant, even of more tender years, may be shown to be sui juris. The fact must, in such cases, depend upon the capacity and intelligence of the child; and hence becomes a question for the consideration of the jury in connection with all the facts and circumstances of the case."

In the present state of the law these two cases must be regarded as authority for the proposition that the legal presumption of non sui juris lasts until the infant has reached the age of 12 years, especially in view of the fact that no authoritative decision exists for the entertaining of a contrary presumption at an earlier age.

But, even if a jury should find the plaintiff in this case to be sui juris, and therefore chargeable with negligence, it does not necessarily follow that the defendant would be relieved from liability for the brakeman's act in throwing the coal in order to prevent him from securing a position of safety upon the car. The rule is well settled that even to a trespasser the duty exists of refraining from overt acts of violence calculated to occasion injury. It may be conceded that the brakeman, acting in the discharge of his duty to his master, would be justified in preventing the plaintiff from boarding the train by such means as would not subject the latter to extra and unnecessary hazards. As was said in a somewhat similar case (Clark v. Railroad Co., 40 Hun, 605, 610, affirmed in 113 N. Y. 670,

21 N. E. 1116), where a child stealing a ride was attempting to alight from the car while in motion, and was injured in consequence of an employé of the defendant throwing water in his face for the purpose of removing him from the car:

"That the defendant's employés on the train had the right, and it was within the scope of their authority, to remove the plaintiff from the car in a lawful and proper manner, was not questioned, but was assumed at the trial; and the right of the plaintiff to recover was, by the charge, made dependent upon the use of unreasonable and improper means for that purpose. And although the act of getting upon the train while in motion was dangerous, and known to the plaintiff to be so, it cannot be said to be the proximate cause of the injury, and does not furnish imputation of contributory negligence."

See, also, Kenyon v. Railroad Co., 5 Hun, 479; Lang v. Railroad Co., 51 Hun, 603, 4 N. Y. Supp. 565, affirmed in 123 N. Y. 656, 25 N. E. 955; Meisch v. Railway Co., 72 Hun, 604, 25 N. Y. Supp. 244; Lang v. Railroad Co., 80 Hun, 275, 30 N. Y. Supp. 137; McKeon v. Railway Co., 20 App. Div. 601, 47 N. Y. Supp. 374; Weitzman v. Railroad Co., 33 App. Div. 585, 53 N. Y. Supp. 905; Rounds v. Railroad Co., 64 N. Y. 129, 21 Am. Rep. 597; Distler v. Railroad Co., 151 N. Y. 424, 45 N. E. 937, 35 L. R. A. 762; Girvin v. Railroad Co., 166 N. Y. 289, 59 N. E. 921.

In an opinion written by the learned trial justice on the denial of the motion for a new trial it is stated:

"Had the brakeman hit him [the plaintiff] with the coal, and injured him, another question would be presented; but what he did now only presents the question whether it can be deemed negligent in the brakeman to by any effective means induce the boy to desist from his foolhardy purpose. No jury could be permitted to say that such a course involved a greater risk of injury to the boy than would have done the unmolested prosecution of his dangerous purpose."

It seems to us that the questions here considered are questions of fact, and not of law. Giving the plaintiff the benefit of the favorable inferences to which he is entitled from the evidence, it is established that he had swung his feet clear from the ground in the act of stepping upon the car at the time the coal was thrown. His act, of course, was a dangerous and unlawful one, and the defendant would not be liable for any injury resulting from it. The defendant owed him no duty of care or vigilance under the circumstances, and was justified in frustrating the accomplishment of his unlawful purpose by every reasonable and proper means. Whether to throw coal at him while he was engaged in his dangerous act was a reasonable and proper means, and whether it involved greater risk of injury than the plaintiff had voluntarily incurred, are questions for the consideration and determination of the jury. If they should find that the means employed were unnecessary, improper, unreasonable, and fraught with certain and imminent peril to the plaintiff, enhanced by the very fact of the dangerous position in which he had placed himself, and that otherwise the injury inflicted could have been wholly avoided, such means might well be regarded as constituting the proximate cause of the accident; and in that view, under the authorities, a recovery might be had notwithstanding the negligence on the plain—

tiff's part, which would not be necessarily regarded as contributory in a legal sense. It seems to be conceded that liability would attach to the defendant if the coal had actually hit the plaintiff, and so broken his hold and caused his injuries; and it is difficult to see why any materially different principle is presented when the same effect has been accomplished by the assault, notwithstanding the fact that the brakeman missed his aim. The judgment and order should be reversed.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.