## BATCHELOR v. DEGNON REALTY & TERMINAL IMPROVEMENT CO.

(Supreme Court, Appellate Division, Second Department.  March 5, 1909.)

1. NEGLIGENCE (§ 136*)—NEGLIGENT USE OF PROPERTY.

Defendant maintained dirt cars on a temporary track in an avenue running into and terminating at a street at right angles. A train stood with its rear at the street, and a five years old child was injured while crossing in consequence of the sudden backing of the train. There was nothing to show that any lookout for persons crossing was maintained. *Held* that, as defendant owed the duty of care, the court could not say as a matter of law that he was free from negligence.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 277–353; Dec. Dig. § 136.*]

2. NEGLIGENCE (§ 85*) — CONTRIBUTORY NEGLIGENCE — CHILDREN — CARE REQUIRED.

Though questions as to the degree of intelligence and capacity of a child five years old, and of his contributory negligence, are for the jury, a child can be held only to that degree of care which one of his years and intelligence can be required to exercise.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 121–129; Dec. Dig. § 85.*]

Appeal from Trial Term, Queens County.

Action by Andrew Batchelor, an infant, by John Batchelor, his guardian ad litem, against the Degnon Realty & Terminal Improvement Company. From a judgment entered on a nonsuit, plaintiff appeals. Reversed, and new trial granted.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, GAYNOR, and MILLER, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

George F. Hickey (M. P. O'Connor, on the brief), for appellant.
Allan E. Brosmith, for respondent.

GAYNOR, J.  The plaintiff was five years old when injured.  The
defendant was running its dirt cars, such as are used by contractors,
along Middleburg avenue on a temporary track.  Moore street does
not cross Middleburg avenue, but runs into it at or near right angles
and ends there.  A train of these cars was standing with its rear at
Moore street.  The plaintiff was crossing Middleburg avenue at Moore
street, and as he got on the defendant's tracks, and about six feet
in the rear of the said train, it was suddenly backed up and ran over
him.  On these facts a nonsuit was granted.  This was error, for the
defendant owed the duty of care, and there was no evidence that
there was any one at the crossing, or at the rear of the train, or any-
where, to look out for people crossing, or any evidence on that head.

The court could not rule as matter of law that the plaintiff was
guilty of contributory negligence.  In Tucker v. N. Y. C. & H. R.
R. Co., 124 N. Y. 308, 26 N. E. 916, 21 Am. St. Rep. 670, the case
of an infant a little over 12 years of age, the court, after a full dis-
cussion of the age at which a child may as matter of law be pre-
sumed sui juris in a case like this, concluded as follows:

"But in the absence of evidence tending to show that an injured infant 12
years old was not qualified to understand the danger and appreciate the
necessity for observing that degree of caution in crossing a railroad track
which an adult would, he must be deemed sui juris."

The opinion throughout fixes 12 years as the age before which an
infant will not be and after which he will be deemed sui juris as mat-
ter of law, unless the contrary be proved.  In the case of an infant
plaintiff under 12 the plaintiff would have no reason to prove him
sui juris, but the contrary, and in the case of an infant plaintiff of
12 or over the defendant would have no reason to prove him non
sui juris, but the contrary; so that it would seem plain on which
side the necessity of proof would lie in each case, assuming the legal
presumption to be as stated in the absence of any evidence on the
subject except that of age.  In Zwack v. N. Y., L. E. & W. R. Co.,
160 N. Y. 365, 54 N. E. 785, the case of a 10 year old boy, the case
of Tucker is mentioned with apparent full approval as follows:

"The reasoning of the court in the case of Tucker v. N. Y. C. & H. R. R.
Co., 124 N. Y. 308, 26 N. E. 916, 21 Am. St. Rep. 670, is to the effect that an
infant under the age of twelve years is presumed to be non sui juris, so the
question with respect to his capacity at that age becomes one of fact.  It
is true that an infant, even of more tender years, may be shown to be sui juris.
The fact must in such cases depend upon the capacity and intelligence of the
child, and, hence, becomes a question for the consideration of the jury in con-
nection with all the facts and circumstances of the case."

And the case before the court was then disposed of on this basis.
Now, if the law be, as stated in the foregoing quotation, that the
law presumes a child under 12 years to be non sui juris, unless
the contrary be proved, the rule would seem to be deducible that
it is for the defendant to make such proof in order to avoid such
legal presumption; and in the same way, that it is for the plaintiff

to show that an infant plaintiff over 12 is non sui juris; and such deduction has been made. Hill v. Baltimore & N. Y. R. Co., 75 App. Div. 325, 78 N. Y. Supp. 134; McDonald v. Metropolitan St. R. Co., 80 App. Div. 233, 80 N. Y. Supp. 577; Gerber v. Boorstein, 113 App. Div. 808, 99 N. Y. Supp. 1091. In the McDonald Case Mr. Justice Hatch stated the rule clearly as follows:

"In the case of infants under the age of 12 years, the burden of proof is upon the defendant to show the possession, by such infant, of sufficient mental capacity to understand, appreciate and guard against the situation in which it is placed, and the plaintiff may rest in respect of such question upon the legal presumption, which protects the infant from the imputation of negligence, unless it be a case where the negligence of the infant is imputable to the parent. When an infant is 12 years of age or above, the burden is upon the plaintiff to show the mental capacity of the infant and establish as a fact that such infant was not possessed of sufficient mental capacity to exercise the degree of care and caution which is chargeable upon an adult, and it then becomes a question for the jury to determine whether the degree of care exercised in the particular case was such as to exonerate the infant from the charge of contributory negligence measured by its age and capacity."

But in the very recent case of Simkoff v. Lehigh Valley R. Co., 190 N. Y. 256, 83 N. E. 15, where the plaintiff was an infant 7 years old, the reverse is explicitly held, viz., that there was no legal presumption that he was non sui juris, but that the burden was on the plaintiff to show that he was non sui juris. And says the court for a general rule:

"The establishment of the fact that an infant is non sui juris to the satisfaction of the jury, if considered material, is as much a part of the plaintiff's case as any other evidence is, upon which he relies to make out a case for recovery."

And it is stated that that court had never decided to the contrary. The understanding of its said former decisions must therefore now be corrected and abandoned.

The infant plaintiff here was only 5 years old; yet I do not venture to suggest to the court in view of the foregoing, that the law presumes him to be non sui juris. The most that it seems to be safe to say, so as not to cause anything to be done on the trial to jeopardize the verdict for the plaintiff, if he obtains one, is that at all events the question of his degree of intelligence and capacity, and therefore of his contributory negligence, was not for the court but for the jury. I do not see how this court can go wrong in saying at least that much. The question whether his age alone does not give rise to a presumption that he is non sui juris, on which the plaintiff could safely rest, might seem to be plain enough; but it can be avoided without detriment to the plaintiff's case by leaving the whole question to the jury. A child has to be judged as a child. A child may only be held to the exercise of that degree of care which one of his years and intelligence can be expected and required to exercise. There must be an age when a child is so young and immature that no rule of care can be applied to it, and the jury may properly be so instructed; but we now know that such age is not fixed in years in this state even as a presumption of fact, capable of being modified or rebutted by evidence, but is variable, and generally for the jury. Nevertheless there

must be cases so obvious and indisputable that it would not be error for the trial judge to decide them as matter of law—although a jury could decide just as well that a toddling child was non sui juris, for instance. Between such a state of immaturity, and that state of maturity to which the rule of care applicable to all adults becomes applicable, is a wide zone, and those in it are to be judged by the jury according to their age, maturity and intelligence on the question of their negligence. Some think that it were better if the phrases non sui juris and sui juris were dropped altogether in the restricted and uncertain sense in which they have been used in respect of children plaintiffs in actions for damages for negligence.

The judgment should be reversed.

Judgment reversed, and new trial granted; costs to abide the event. All concur.