BRADLEY v. JAECKEL.

(Supreme Court, Appellate Term. December 22, 1909.)

MUNICIPAL CORPORATIONS (§ 705*) — USE OF STREETS — CONTRIBUTORY NEGLIGENCE—DUTY TO LOOK BEFORE CROSSING.

　　It is not contributory negligence for a person about to cross a street to fail to look for automobiles approaching on the wrong side of the street, as it is the duty of the driver of an automobile traveling on the wrong side of the street to either give a signal of warning to any pedestrian attempting to cross the street, or should run his car at so slow a rate that it would be under such control that injury could not be caused to such pedestrian.

　　[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1515; Dec. Dig. § 705;* Highways, Cent. Dig. § 464.]

　　Lehman, J., dissenting.

Appeal from City Court of New York, Trial Term.

Action by William Bradley against Adelbert Jaeckel. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before GIEGERICH, GOFF, and LEHMAN, JJ.

Frank V. Johnson (Allan E. Brosmith, of counsel), for appellant.
William E. Slevin, for respondent.

GIEGERICH, J. According to the plaintiff's own testimony, just before the accident occurred, he was walking westerly on the southerly side of West Thirty-Sixth street, in the borough of Manhattan, city of New York. His destination was 21 West Thirty-Sixth street, which house he was engaged in decorating. When he got opposite No. 17, he started to cross the street toward No. 21. Before starting, he claims he looked toward Fifth avenue and toward Sixth avenue, east and west, but saw nothing in either direction, though his view was entirely unobstructed. When he had taken two or three steps from the curb, the defendant's automobile struck him, causing the injuries for which the action is brought. According to the plaintiff's witness Aldhouse, who ran up immediately after the accident, he found the plaintiff lying on the south side of the street about two feet from the curb. This witness also testified that he saw the car approaching

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

from Fifth avenue on the south side of Thirty-Sixth street going toward the west, and that it was moving at the rate of from 12 to 15 miles an hour. The evidence was undisputed that it was upwards of 300 feet from the place where the accident happened to Fifth avenue, and the plaintiff's own witness testified that the car was moving at the rate of from 12 to 15 miles an hour. The plaintiff also testified that there was nothing to obstruct his view up the street as far as Fifth avenue.

Upon these facts, it is insisted on behalf of the defendant that the plaintiff was guilty of contributory negligence as a matter of law. It must be conceded that the plaintiff's testimony that he looked back toward Fifth avenue and saw nothing as he started to cross the street, and was struck by the car after he had gone two or three steps, is incredible in view of the testimony of his own witness that the car was moving at the rate of from 12 to 15 miles an hour, and the undisputed fact that the distance was upwards of 300 feet. If the car was moving at a speed of 15 miles an hour and the plaintiff was moving at the extremely slow rate of 1½ miles an hour, he would have traveled over 30 feet while the car was coming from Fifth avenue to the point of the accident. Thirty feet would have carried him well across the street and out of danger. The fact is he had moved only two or three steps from the curb before he was struck.

But, conceding all this, and that the plaintiff did not look back before stepping into the street, I do not think that it follows that the judgment should be reversed. The car was traveling on the wrong side of the street, and close to the curb. It has been held that the duty imposed upon a wayfarer at the crossing of a street by the track of a railroad to look both ways does not as a matter of law attach to such person when about to cross from one side to the other of a city street; the reason given for the distinction being that, in the case of the railroad, the danger is obvious and constantly impending, and not easily or likely to be under the control of the engineer, while in the case of a street the vehicles are managed without difficulty and injuries are infrequent. Moebus v. Herrmann, 108 N. Y. 349, 15 N. E. 415, 2 Am. St. Rep. 440. Especially would it be unwarranted to hold that when a person steps from the curb of a city street, particularly one not constituting an important artery of traffic, that he must look, not only in the direction from which vehicles may rightfully be traveling on that side of the street, but that he must look back as well, in order to be sure that nothing is approaching from the rear on the side of the street prohibited by the rule of the road to vehicles traveling from that direction. It is no hardship upon owners of automobiles which are traveling silently and without any signal of warning, as in this case, and on the wrong side of the street and close to the curb, to hold that the person in control of the car must be observant, not only of what is directly in front of it, but of pedestrians who are traveling on the sidewalk and who may step into the street in front of the car. In such a situation the driver of the car should either give a signal of warning to any pedestrian who is traveling on the sidewalk and may come into a position of danger if he steps off the curb, or

should run his car at so slow a rate that it would be under such control that injury could not be caused to such pedestrian.

It is also claimed that the verdict was contrary to the weight of evidence, but I cannot discover any sufficient reason for disturbing the judgment upon this ground.

The judgment should therefore be affirmed, with costs.

GOFF, J., concurs.

LEHMAN, J. (dissenting). It is certainly elementary law that a plaintiff has in this state the burden of showing, not only that the defendant was negligent, but that the plaintiff was free from contributory negligence. While I am unwilling to concur with Mr. Justice GIEGERICH in his statement as to the duty of care on the part of a chauffeur driving in the city streets, I believe that there are few, if any, automobile accidents which a careful chauffeur could not avoid, unless the pedestrian was himself at fault. An automobile has no exclusive right of way either at crossings or between crossings, and the driver should at all times have his machine under such control that he will not injure a pedestrian in full possession of his faculties who himself uses ordinary care. Nevertheless, the pedestrian is also bound to use due caution to avoid an accident, and must show as part of his affirmative case that he did use due caution. To meet this burden, the plaintiff has testified that he looked both ways before he started to cross the street. The uncontradicted evidence totally discredits this testimony as shown in the opinion of Mr. Justice GIEGERICH. He either did not look towards Fifth avenue, or, if he did, he saw this machine, and deliberately walked into the danger. There remains, therefore, no credible testimony that will show an absence of contributory negligence. To affirm the verdict of the jury, we must hold that, where a person crosses a street without looking for approaching vehicles, he is not guilty of contributory negligence, if he is struck by a vehicle on the wrong side of the street where he had no warning of its approach. Such a doctrine appears to me both unreasonable and without authority. It is true that in the case of Moebus v. Herrmann, 108 N. Y. 349, 354, 15 N. E. 415, 416 (2 Am. St. Rep. 440), the court said:

"The duty imposed upon a wayfarer at the crossing of a street by the track of a railroad to look both ways does not as a matter of law attach to such person when about to cross from one side to the other of a city street. The degree of caution he must exercise will be affected by the situation and surrounding circumstances."

This statement of law must, however, be considered in connection with the facts of that case. The plaintiff in that case was a child of seven years, and the trial judge charged the jury that:

"A child of immature years, whilst bound to exercise care, is held to no higher degree of forethought than you could expect of his age."

The plaintiff had testified that he "would, if he saw a wagon coming, wait until it passed," and that at the time of the accident he was looking "straight ahead." The Court of Appeals simply decided that un-

der these circumstances the child's contributory negligence was not a question of law, but one of fact for the jury. Its statement of the distinction between the duty of care when a person is about to cross from one side of a street to the other side, and when he is about to cross a railroad track, was made for the purpose of distinguishing the case then before the court from the case of Wendell v. N. Y. C. & H. R. R. Co., 91 N. Y. 420, in which it decided that contributory negligence of even an infant of seven years was established when it appeared that he crossed a railroad track while he could have seen an approaching train had he looked. But what may be sufficient to show due care on the part of an infant of seven years does not necessarily show due care on the part of an adult business man.

I think that the plaintiff herein has totally failed to show such care, and the judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.