ZWIRN v. JOLINE et al.

(Supreme Court, Appellate Term. April 8, 1910.)

1. NEW TRIAL (§ 72*)—SETTING ASIDE VERDICT—WHEN AUTHORIZED.
The trial court should not set aside a verdict, unless it is so clearly against the weight of the evidence as to justify the conclusion that it was arrived at through passion, prejudice, or mistake.
[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 146–148; Dec. Dig. § 72.*]

2. NEW TRIAL (§ 71*)—SETTING ASIDE VERDICT—WHEN AUTHORIZED.
The veracity of the witnesses and their interest in the case are for the jury, and a verdict on conflicting evidence should not be set aside.
[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 144, 145; Dec. Dig. § 71.*]

3. STREET RAILROADS (§ 114*)—INJURIES TO CHILD ON TRACK—NEGLIGENCE.
In an action against a street railroad for injuries to a child, 3½ years old, struck by a car, evidence *held* to justify a finding of negligence.
[Ed. Note.—For other cases, see Street Railroads, Dec. Dig. § 114.*]

4. STREET RAILROADS (§ 117*)—INJURIES TO CHILD—CONTRIBUTORY NEGLIGENCE.
It is not, as a matter of law, negligence for a child, 3½ years old, accompanying his mother to a store across the street, to leave the store while she was taking her change for a ball bought for him, and start across the street in front of an approaching street car; but the question is for the jury.
[Ed. Note.—For other cases, see Street Railroads, Dec. Dig. § 117.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

5. NEGLIGENCE (§ 136*)—IMPUTED NEGLIGENCE—NEGLIGENCE OF PARENT.

    It is not, as a matter of law, negligence for a mother of a child, 3½ years old, to permit the child, accompanying her to a store on the opposite side of the street, to leave the store and start across a street on which cars are operated while she is waiting for her change for a toy bought for the child; but the question is for the jury.

    [Ed. Note.—For other cases, see Negligence, Cent. Dig. § 352; Dec. Dig. § 136.*]

    Appeal from Municipal Court, Borough of Manhattan, Second District.

    Action by Julius Zwirn, by Louis Zwirn, his guardian ad litem, against Adrian H. Joline and another, as receivers of the Metropolitan Street Railway Company. From an order setting aside a verdict, plaintiff appeals. Reversed, and verdict reinstated.

    See, also, 122 N. Y. Supp. 233.

    Argued before SEABURY, LEHMAN, and GAVEGAN, JJ.

    Moses N. Schleider (M. Spencer Bevins, of counsel), for appellant. Masten & Nichols (Anthony J. Ernest, of counsel), for respondents.

    GAVEGAN, J. The plaintiff in this action is an infant, who at the time of the accident was 3½ years old. On the day of the accident he, accompanied by his mother, crossed Clinton street, at about the middle of the block between Rivington and Stanton streets, in the borough of Manhattan, New York City, and went to a toy store on the opposite side of the street, where the mother bought him a ball, and in "about a second" after, and while she was taking her change, the accident happened.

    The evidence shows that the car was standing near the corner of Rivington street when the child left the sidewalk, and when he was on the first rail the car was three houses away. Some one shouted to the motorman, but before the plaintiff was safely across the track the car struck him. The plaintiff was walking like a child and looking straight across the street. There was a man, not in uniform, on the front of the car, operating it, and a man in uniform inside the car. The car was going fast. There was only one track on that street, and the plaintiff was in the middle of it, between the two rails, when struck. This testimony is corroborated by two disinterested witnesses.

    The defendants' motorman, who was in uniform, testified that when the car, which was going about 5 miles an hour, was about 15 feet away, he saw the plaintiff leave the curb and start to run across the street, and when he was in the middle of the track he fell, the car at that time being 6 feet away, and that the car was stopped before it came up to where the plaintiff lay, never striking him at all. The front platform was scarcely over him. This witness was instructing a new man to operate the car, and sometimes necessarily talked to him. This story is substantially corroborated by the new man receiving instructions. One disinterested witness also substantially corroborates the motorman.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Upon this condition of the evidence, the case was submitted to the jury, and a verdict rendered for the plaintiff, which verdict was set aside by the trial judge.

There was presented to the jury a question of fact upon conflicting evidence, and, unless their verdict was so clearly against the weight of evidence as to justify the conclusion that it was arrived at through passion, prejudice or mistake, the trial judge should not have set it aside. I am of the opinion that the evidence was sufficient to sustain their finding, and the judge below was in error in setting the verdict aside. The veracity of the witnesses was a question for the jury, as was also their interest in the result of the case, and it was an improper encroachment upon the jury's functions to set aside a verdict arrived at upon a question of fact on conflicting evidence. Berkowitz v. Consolidated Gas Co., 134 App. Div. 389, 119 N. Y. Supp. 101.

We do not think that, under the circumstances in this case, the plaintiff or his mother were guilty of contributory negligence as a matter of law, and we think the jury was justified in finding that they sustained the burden of proving freedom therefrom. Birkett v. Knickerbocker Ice Co., 110 N. Y. 504, 18 N. E. 108; Moebus v. Herman, 108 N. Y. 349, 15 N. E. 415, 2 Am. St. Rep. 440; McTague v. Dowst, 51 App. Div. 206, 64 N. Y. Supp. 949.

Order setting aside verdict reversed, and the verdict reinstated, with costs. All concur.