SAMUEL GUNSBURGER, as Administrator, etc., of FLORENCE GUNSBURGER, Deceased, Appellant, v. ROBERT S. KRISTELLER, Respondent.

Second Department, December 19, 1919.

Motor vehicles — negligence — infant under ten years of age killed by automobile — when question as to whether infant is sui juris is for jury — charge — negligence of parents in permitting infant non sui juris to be upon the street.

Where a child between nine and ten years of age was run over and killed by the defendant's automobile and there is an issue as to whether the child was *sui juris* or not, the question is one of fact for the jury, and it is proper for the court to refuse to charge that there is a presumption that the child was *non sui juris* or not capable of being negligent in law.

It was also proper to charge that if the jury find that the infant was not responsible in law for her own acts, then the negligence of the parents in permitting her to be upon the street under the existing conditions was imputable to her so that the parents cannot recover.

APPEAL by the plaintiff, Samuel Gunsburger, as administrator, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 16th day of March, 1918, upon the verdict of a jury, and also from an order entered in said clerk's office on

the same day denying plaintiff's motion for a new trial made upon the minutes.

*Meyer Kraushaar* [*Emanuel Celler* with him on the brief], for the appellant.

*Robert S. Kristeller,* for the respondent.

JAYCOX, J.:

This action is brought to recover damages for the death of an infant who was run over and killed by the defendant's automobile. At the time of the happening of the accident the infant was nine years and nine months of age.

The only question involved in the case is as to whether the plaintiff was entitled to have the jury charged that there was a presumption of fact that the decedent was *non sui juris.* The defendant claimed that the child was a sick child, under the doctor's care, suffering from nervousness, while the plaintiff says that she was healthy and bright for her age. The court charged the jury on the issue of contributory negligence as follows: "This child, as I have said, was at the time when the accident occurred between nine and ten years of age. When you consider the question of contributory negligence on the child's part, it is your duty to take into account, in the first place, the question of whether the child was what the law calls *sui juris* or not, and you know what that means; it means responsible in the law for her own acts. That is the first thing you have to decide, was this child responsible in the law for her actions, was she old enough to know the dangers which surrounded her in that position? If you find that she was responsible, then you must decide the question of her contributory negligence, not according to the same standards which you would apply if she were an adult, but only according to the standards which would be ordinarily applicable to a child of her age, mentality and physical condition; and so that is the reason why you have heard testimony as to the child being a bright scholar, and healthy; that is the reason the law permits evidence of that kind to go into these cases. You cannot charge her with the same liability as if she were an adult, but she is chargeable with the same degree of care for her own safety as ordinarily is expected of a child like her. If, however, you find that she was not

responsible in the law for her own acts, then the question comes whether there is any imputed negligence; I mean by that, whether the parents were negligent in allowing her to be on the street under the conditions that existed there. And if you find that there was, then that negligence, under our law, is imputable to her, and the parents cannot recover." At the conclusion of the main charge plaintiff's counsel asked the court to charge as follows: " I ask your Honor to charge the jury whether negligence may be imputed to Florence Gunsburger, the plaintiff's intestate, is for the jury to say, but the plaintiff's intestate being less than ten years of age is entitled to the presumption that she was not *sui juris*, not capable of being negligent in law, not capable of appreciating danger or understanding the consequences of negligence, and is entitled to the presumption of not being capable of exercising caution, being under the age of twelve." This request was refused.

In support of his contention the plaintiff cites *Moebus* v. *Herrmann* (108 N. Y. 349); *Stone* v. *Dry Dock, etc., R. R. Co.* (115 id. 104); *Tucker* v. *N. Y. C. & H. R. R. R. Co.* (124 id. 308); *Zwack* v. *N. Y., L. E. & W. R. R. Co.* (160 id. 362), and *Hill* v. *Baltimore & New York R. Co.* (75 App. Div. 325).

In the first case cited (*Moebus* v. *Herrmann*) the court charged: " The rule of vigilance applies to children as well as to adults, ' but ' that a child of immature years, whilst bound to exercise care, is held to no higher degree of forethought than you could expect of its age;" and again, " if you say the child did what an ordinarily careful child would have done, then it is not negligence."

In *Stone* v. *Dry Dock, etc., R. R. Co.* (*supra*) it is said: " In administering civil remedies the law does not fix any arbitrary period when an infant is deemed capable of exercising judgment and discretion. It has been said in one case that an infant three or four years of age could not be regarded as *sui juris*, and the same was said in another case of an infant five years of age. [*Mangam* v. *Brooklyn R. R. Co.*, 38 N. Y. 455; *Fallon* v. *Central Park, N. & E. R. R. R. Co.*, 64 id. 13.] On the other hand, it was said in *Cosgrove* v. *Ogden* (49 N. Y. 255) that a lad six years of age could not be assumed to be incapable of protecting himself from danger in streets or roads

\* \* \*. From the nature of the case it is impossible to prescribe a fixed period when a child becomes *sui juris*. Some children reach the point earlier than others. It depends upon many things, such as natural capacity, physical conditions, training, habits of life and surroundings. These and other circumstances may enter into the question. It becomes, therefore, a question of fact for the jury where the inquiry is material unless the child is of so very tender years that the court can safely decide the fact. \* \* \* We are inclined to the opinion that in an action for an injury to a child of tender years, based on negligence, who may or may not have been *sui juris* when the injury happened, and the fact is material as bearing upon the question of contributory negligence, the burden is upon the plaintiff to give some evidence that the party injured was not capable, as matter of fact, of exercising judgment and discretion. This rule would seem to be consistent with the principle now well settled in this State, that in an action for a personal injury, based on negligence, freedom from contributory negligence on the part of the party injured is an element of the cause of action. In the present case the only fact before the jury bearing upon the capacity of the child whose death was in question was that she was a girl seven years and three months old. This, we think, did not alone justify an inference that the child was incapable of exercising any degree of care. But, assuming that the child was chargeable with the exercise of some degree of care, we think it should have been left to the jury to determine whether she acted with that degree of prudence which might reasonably be expected, under the circumstances, of a child of her years. This measure of care is all that the law exacts in such a case."

The opinion in the *Tucker Case* (*supra*) was thereafter written by Judge PARKER, and he held that in the absence of evidence tending to show that an injured infant twelve years of age was not qualified to understand the danger and appreciate the necessity for observing that degree of caution in crossing a railroad track which an adult would, he must be deemed *sui juris*. During the course of his reasoning the learned judge intimated that the presumption was that a child under twelve years of age was *non sui juris*, but that question was not before the court for determination.

In *Jacobs* v. *Koehler S. G. Co.* (208 N. Y. 416) CULLEN, Ch. J., in speaking of the decision in the *Tucker Case* (*supra*), says: " It was with this doubtful question, of when an infant becomes *sui juris*, that the *Tucker Case* was dealing, and it was there held, as already stated, that an infant over twelve years of age was presumed to be *sui juris.*"

In the order of citation, the next case decided by the Court of Appeals bearing upon this question was the *Zwack Case* (*supra*), in which it is said: " The reasoning of the court in the case of *Tucker* v. *N. Y. C. & H. R. R. R. Co.* (124 N. Y. 308) is to the effect that an infant under the age of twelve years is presumed to be *non sui juris*, so the question with respect to his capacity at that age becomes one of fact."

The case of *Hill* v. *Baltimore & New York R. Co.* (*supra*) then held: " In the present state of the law, these two cases must be regarded as authority for the proposition that the legal presumption of *non sui juris* lasts until the infant has reached the age of twelve years, especially in view of the fact that no authoritative decision exists for the entertaining of a contrary presumption at an earlier age."

In *Costello* v. *Third Avenue Railroad Co.* (161 N. Y. 317), in an opinion by BARTLETT, J., it was held that it was for the jury to say what degree of care a boy eight years of age should exercise in order to absolve himself from a charge of contributory negligence. In that case Chief Judge PARKER wrote a concurring opinion in which he states that the presumption was that the child was *non sui juris*, citing the *Tucker* and *Zwack Cases* (*supra*). No other member of the court concurred with him in this opinion; all but GRAY, J., concurred with BARTLETT, J., and BARTLETT, J., cited *Moebus* v. *Herrmann* (*supra*), *Stone* v. *Dry Dock, etc., R. R. Co.* (*supra*) and other cases as bearing upon this question.

The question came squarely before the court in *Simkoff* v. *Lehigh Valley R. R. Co.* (190 N. Y. 256). The cases of *Tucker* (*supra*) and *Zwack* (*supra*) were cited to the court. The court in that case cites and follows the *Costello Case* (*supra*), *McGrell* v. *Buffalo Office Bldg. Co.* (153 N. Y. 265) and *Stone* v. *Dry Dock, etc., R. R. Co.* (*supra*), and held that the establishment of the fact that an infant is *non sui juris* to the satisfaction of the jury, if considered material, is as much a part of the

plaintiff's case as any other evidence is, upon which he relies to make out a case for a recovery.

In *Jacobs* v. *Koehler S. G. Co.* (*supra*) the leading cases upon the question of *non sui juris* are cited and the court says: "An infant may be of such tender years as to be incapable of personal negligence. At such age the infant is termed *non sui juris*, but if not responsible for its own negligence, the negligence of its parents or guardians in suffering it to incur danger may be imputed to it. This is what is called the •doctrine of imputed negligence [citing cases]. Later, children emerge from this condition and are responsible for their failure to exercise reasonable care for their own protection. But they are not required to exercise the degree of care required of an adult, but only to exercise the degree expected from one of its years [citing numerous cases]. In the *Byrne* case \* an infant ten years of age was the plaintiff. Judge EARL there said: 'An infant, to avoid the imputation of negligence, is bound only to exercise that degree of care which can reasonably be expected of one of its age' (p. 621), and the language of this learned judge has been cited with approval in the later cases."

The deduction from this is clear — that it is a question of fact for the jury to determine whether a child of nine years and nine months of age is *sui juris* or not. The language quoted from Judge EARL would be very inappropriate if there were a presumption that a child of this age was *non sui juris*.

I think the charge was right and the judgment and order should be affirmed, with costs.

Present — JENKS, P. J., RICH, PUTNAM, BLACKMAR and JAYCOX, JJ.

Judgment and order unanimously affirmed, with costs.

---

\* *Byrne* v. *N. Y. C. & H. R. R. R. Co.* (83 N. Y. 620).— [REP.