JOHN JOSEPH, Respondent, *v.* MARY M. MURRAY, Appellant.

*Motor vehicles — contributory negligence — question for jury.*

Appeal by the defendant from a judgment of the Supreme Court in favor of the plaintiff, entered in the Rensselaer county clerk's office June 3, 1920, upon the verdict of a jury for $2,000, and also from an order entered June 14; 1920, denying a motion for a new trial made upon the minutes.

Judgment and order reversed on law and facts and new trial granted, with costs to the appellant to abide the event, on the ground that the verdict is against the weight of the evidence. All concur, except Kiley, J., dissenting, with a memorandum. The court disapproves of the finding that the plaintiff was free from contributory negligence.

KILEY, J. (dissenting): As I read this evidence, plaintiff was injured upon a street about twenty-five feet wide. The street ran north and south, and a double-track trolley road ran lengthwise through the street at the place where the accident occurred. The plaintiff was coming from the west toward the east; his destination was the Republican club house east of the tracks and street, and a little north from where he started on the west side of the street to cross it. He was going a little north of east in a diagonal direction; as he came to the street he looked south, saw a trolley headed north, and at the place where he stood would take the track farthest

east. East of the trolley car and beside it on the street was defendant's Pierce Arrow car. When plaintiff first looked they were standing still, as he claims, and about fifty feet south of him; he started across, and I gather from the evidence that about that time the trolley car started north, and as he reached the tracks it was within about fifteen feet of him; he crossed and the automobile was coming on with the car and intent on passing before it stopped again at a stop not far north of where it then was. Plaintiff threw up his right hand and attempted to cross, and was hit a short distance from the east curb. What were the conditions then and there? The driver of defendant's car says he did not see the plaintiff until he stepped from in front of the trolley to the left of the line of the auto, viz.: "He came right out close between my car and the trolley car." This indicates that the auto was close beside and well up toward the front end of the trolley car. Helen Murray, a witness for the defendant, swore that the distance between the street car and the curb was very short. The motorman stopped his car and the defendant's auto was stopped as soon as it could be stopped and the motorman swore the front of his car was at the rear end of the auto when the stop was made. The auto had a right-hand drive, and even so, the driver did not see the plaintiff, and when the auto was east of the car the plaintiff could not see it, as it was creeping up, seeking to get by. The plaintiff had about cleared the trolley's east track when the auto came in sight and at twenty miles an hour was upon him in the fraction of a second. The auto and trolley car were but a short distance apart; he could not retreat nor stay where he was; he would be hit in either event. It would seem that he was in an extreme and critical position. Can we say, as a matter of law, he was guilty of contributory negligence because he did not exercise better judgment? Was he guilty of contributory negligence, as a matter of law, for getting in that position? He had a right to start across the street when he started; he had a right to cross ahead of the trolley car when he did, and which he did in safety so far as the trolley was concerned; he had no warning that this automobile was coming along beyond this car out of sight, bent on passing it before the next trolley stop; no warning was sounded; this circumstance of extreme peril was not of his making; it seems to me that whether he exercised good judgment, under all of the circumstances, was a question of fact for the jury. *Knapp* v. *Barrett* (216 N. Y. 226) is a case where a pedestrian was injured while crossing a street. He had a judgment in the trial court which was affirmed in the Appellate Division [160 App. Div. 877], but was reversed in the Court of Appeals on account of errors in the charge of the court to the jury. The charge was to the effect that the plaintiff did not have to look. The Court of Appeals said that was error. In discussing the question the following holding was made and is found at page 230 of the opinion: "The law does not say how often he must look, or precisely how far, or when or from where. If, for example, he looks as he starts to cross, and the way seems clear, he is not bound as a matter of law to look again. The law does not even say that because he sees a wagon approaching, he must stop till it has passed. He may go forward unless it is close upon him; and whether he

is negligent in going forward, will be a question for the jury." The question of plaintiff's contributory negligence was for the jury. Defendant's negligence was found by the jury and properly so. (*Moebus* v. *Herrmann*, 108 N. Y. 349; *Baker* v. *Close*, 204 id. 92.) The judgment should be affirmed, with costs.