Frederick Logan, Jr., an Infant, by Frederick Logan, His Guardian ad Litem, et al., Respondents, *v.* Russel Jackson, Appellant.

First Department, February 14, 1956.

*James J. McLoughlin* of counsel (*Anthony J. De Cicco*, attorney), for appellant.

*Stephen K. Rapp* of counsel (*Max Schorr* with him on the brief; *Sidney M. Offer*, attorney), for respondents.

*Per Curiam.* The charge of the court upon the subject of contributory negligence of the infant plaintiff when considered in its entirety was so confusing that it is doubtful if the jury could possibly have obtained a clear idea as to the law applicable thereto. It was long ago written that it might be " better if the phrases *non sui juris* and *sui juris* were dropped altogether in the restricted and uncertain sense in which they have been used in respect of children plaintiffs in actions for damages for negligence." (*Batchelor* v. *Degnon Realty & Term. Improvement Co.*, 131 App. Div. 136, 140.) In the instant case the infant plaintiff was about eight and one-half years old, so we are not concerned with the rule of conclusive presumption of incapacity applicable to a child between three and four years of age (cf. *Verni* v. *Johnson*, 295 N. Y. 436). From time to time it may have been said that a certain presumption exists as to an infant being *sui juris* or *non sui juris* depending on whether the child was more or less than twelve years old. The earlier authorities, however, must be read in the light of the statement in *Camardo* v. *New York State Rys.* (247 N. Y. 111, 117) where it was said that " [t]he only rule that can safely be drawn from the decisions of this State is that a recovery may be had for injuries inflicted upon a child by the negligence of another only where an inference may be drawn from the evidence presented in the particular case that no failure on the part of the child to exercise the care which might reasonably be expected of a child of equal age and capacity contributed to the injury. No rule of law fixes an arbitrary age at which a particular degree of care may be expected, or furnishes a true presumption which takes the place of evidence, that a child is not chargeable with contributory negligence. Only where the circumstances admit of only one inference may the court decide as a matter of law what inference shall be drawn." As a new trial is required, it is unnecessary to consider the other alleged errors claimed by appellant.

The judgment appealed from should be reversed, with costs to appellant to abide the event, and a new trial ordered.

PECK, P. J., BASTOW, RABIN, COX and FRANK, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.