■ MAE LEWIS et al., Respondents, v. CHARLES P. WRIGHT et al., Appellants.— In a negligence action to recover damages for personal injuries, etc., defendants appeal from a judgment of the Supreme Court, Westchester County, dated December 9, 1968, in favor of plaintiffs upon a jury verdict. Judgment reversed, on the law, and new trial granted to both defendants, with one bill of costs to defendants jointly, to abide the event. In our opinion, the receipt of the expert testimony as to the speed of plaintiffs' vehicle at the moment of impact with the guardrail was reversible error (*Zavaro* v. *Mann,* 26 A D 2d 692, and cases cited therein). Beldock, P. J., Christ, Brennan, Hopkins and Martuscello, JJ., concur.

■ FRANK LO GIUDICE, Appellant, v. BENEDICT RIEDEL, Respondent.— In a negligence action to recover damages for personal injury, plaintiff appeals from a judgment of the Supreme Court, Suffolk County, entered November 22, 1968 in favor of defendant, upon the trial court's dismissal of the complaint at the end of plaintiff's case upon a jury trial. Judgment reversed, on the law, and new trial granted, with costs to abide the event. No questions of fact were considered. Plaintiff testified that before crossing in the middle of the block he observed defendant's automobile 200 feet away and traveling towards him at approximately 30 miles an hour. The automobile continued at this same rate of speed until it struck plaintiff before he reached the walk on the other side of the street. Plaintiff stated that defendant failed to sound any warnings prior to the accident. In our opinion, the issues with respect to plaintiff's contributory negligence and defendant's negligence were questions of fact for the jury. We are unable to say that a jury could not properly find that, if defendant had been sufficiently vigilant and careful, he would have seen plaintiff in time to avoid injuring him (see *Moebus* v. *Herrmann,* 108 N. Y. 349, 352; *Baker* v. *Close,* 204 N. Y. 92, 95; Vehicle and Traffic Law, § 1154). Moreover, the fact that a pedestrian is struck by a vehicle while attempting to cross in the middle of the block will not, of itself, constitute contributory negligence so as to bar his action for personal injuries (see *Moebus* v. *Herrmann, supra; Knapp* v. *Barrett,* 216 N. Y. 226, 230; *Rettegi* v. *Gremelsbacker,* 29 A D 2d 650). Christ, Acting P. J., Brennan, Rabin, Hopkins and Benjamin, JJ., concur.